*John Frazer et al* v. *Henry M. Western et al.* H. M. WESTERN, for appellant; J. ANTHON, for complainants; J. BLUNT, for infant defendants. Decree appealed from reversed, and complainants bill dismissed with costs both upon this appeal and upon the proceedings in the original suit, to be taxed, and complainant directed to pay the costs of the guardian ad litem of the infant defendants.

*Sylvanus J. Penniman et al* v. *Isaac M. Norton et al.* W. D. WHITE, for complainants; N. HILL, Jun., for defendants. Application by complainants for leave to proceed in this suit against the surviving defendants, notwithstanding the death of Mc Neil, one of the original defendants and one of the judgment debtors of complainant. Norton and Bartle, the other two judgment debtors had been discharged under he bankrupt act.

Parties.

Assignees of insolvent defendants.

The chancellor decided that although it appeared by affidavit that all the judgment debtors were insolvent when the bill was filed, that afforded no excuse for proceeding in the cause without bringing before the court those who have subsequently succeeded to their rights in the property which they had at the commencement of the suit.

Representatives of a deceased defendant.

That if the defendants, Norton and Bartle, had no property which could pass to the assignee in bankruptcy subject to the complainants claim, or if Mc Neil had an interest in any property which could pass to his personal representatives or heirs subject to such claim, the fact should have been distinctly stated in the complainants affidavit; to excuse them from bringing the assignee in bankruptcy before the court in the one case, or the representatives of McNeil, in the other.

When a suit may be continued against a bankrupt, after his discharge.

That a suit cannot be further proceeded in against a defendant, after he has obtained a regular discharge as a bankrupt; unless the complainant intends to contest the validity of such discharge, for the purpose of obtaining a personal decree against the bankrupt That in such a case the proper course for the complainant is to file a supplemental bill, stating the commencement of the original suit, the subsequent decree in bankruptcy, the discharge of the bankrupt, and the facts upon which that discharge is claimed to be void and in-

operative ; and making the assignee, as well as the bankrupt, parties to such bill.

Or, if the complainant merely wishes to proceed against the property which has passed to the assignee in bankruptcy, subject to his prior claim thereon, he should revive the suit against the assignee alone—stating the discharge of the bankrupt, as a ground for proceeding no further in the suit against him as a party. <span style="float:right">Reviving suit against assignee of bankrupt.</span>

And that where the assignee in bankruptcy has sold all his interest in the subject matter of the litigation before the commencement of the proceedings against him to revive and continue the suit, that fact should be stated ; and the purchaser should in that case be made a party to the suit, instead of the assignee. <span style="float:right">Purchaser from assignee when a necessary party.</span>

Application denied, with $10 costs; but without prejudice to their right to file such a bill to revive and continue the proceedings as they may be advised is proper.

*George B. North* v. *Jane North.* W. G. Angel, for complainant ; R. Lloyd, for defendant. This was an application by the defendant in a suit for a divorce for an allowance to enable her to defend the suit, and for the support of herself and child during the litigation. The bill was filed by the husband to annul his marriage with the defendant on the ground that she had another husband living at the time of the marriage. The fact that a former husband was living at the time of the marriage between the parties was denied by the defendant.

The chancellor decided that in such a case the defendant was entitled to an allowance, although the complainant insisted she was not his lawful wife and that he was not bound to bear the expenses of her defence. (*See Bird* v. *Bird,* 1 *Lees Eccl. Ca. by Phil.* 209 ; *Earl of Portsmouth,* v. *The Countess of Portsmouth,* 3 *Ad. Eccl. Rep.* 63, *S. P.)* <span style="float:right">Alimony allowed although complainant derives validity of marriage.</span>

Order directing complainant to pay defendant $20 within twenty days, $20 when the cause is in readiness to take testimony, and $20 when it is in readiness for a hearing. And a reference directed to a master in Alleghany county to inquire what will be a suitable allowance for support of defen-