THE STATE OF FLORIDA, ET AL., PLAINTIFFS AND RESPONDENTS, VS. THE FLORIDA CENTRAL R. R. COMPANY, DEFENDANT AND APPELLANT.

1. Chancery practice forbids a direct taxation of costs as between solicitor and client against defendant; and the Code practice is not different in this respect.
2. Where the counsel has been employed to obtain or create a fund for the joint benefit of both parties, his fees, if he prevails, not if he loses, may be paid out of the funds; but where the interests of the parties are adverse, only the legal taxable costs can be allowed.
3. Notwithstanding an order directing a complaint to be dismissed, if the court has in its possession funds which have accrued from the management of the property, the subject-matter of the suit, it may direct payment of claims incurred for the protection and preservation of the property during the action.

Appeal from the Circuit Court for Duval county.

The facts of the case are stated in the opinion of the court.

*James M. Baker* for Appellant.

Judge Maxwell of the First Circuit and Judge White of the Second Circuit, sat in place of the Chief Justice and Mr. Justice Van Valkenburgh, who were disqualified.

JUDGE MAXWELL delivered the opinion of the court.

On the eighteenth of November, 1875, a judgment was rendered in the Circuit Court of Duval county in behalf of the State of Florida against appellant for $368,000, and appointing Joseph H. Durkee a master of the court to take charge of appellant's property and sell the same to pay said debt. An appeal was taken from this judgment, and at the June Term, 1876, of this court, the judgment was reversed, with costs against the State, and the bill ordered to be dismissed, with directions that the master restore the

property to appellant, and have reasonable time for the settlement of his accounts. Pending the appeal, H. Bisbee, Jr., presented his petition to the Circuit Court, setting forth his services in the case as solicitor for the State, and claiming that as the State was prosecuting the suit in the character of trustee for the benefit of other parties interested, and without direct pecuniary benefit to herself, and had no funds applicable to the payment of costs and expenses, and as by his services a final decree [judgment] was obtained to the effect above stated, by virtue of which Durkee, the master, was put in possession of the property, he was entitled to reasonable counsel fees, to be charged upon the defendant or upon the property, " as in other cases of trust," and praying an order to the master to pay his fees from money arising from the income and tolls of appellant's property, his fees being $6,000, as fixed between him and the State. The petition was *ex parte*, bearing date July 24, 1876. So far as appears there was no notice to appellant. The Circuit Court on the 27th of July, by endorsement on the petition, made an order directing payment as prayed for, and the paper was filed August 4.

Another order of October 3, 1876, directs the master to pay Paul B. Canova $274. This is based upon account for cross-ties furnished, as appears by endorsement thereon, in April, 1874, at which time the property was in the hands of a receiver, who had been appointed in this case.

An account of Frank R. Pond of 1874 for $276.07, was by another order of October 31, 1876, directed to be paid by the master. This was for materials also furnished while the property was in the hands of the court's receiver in this case. There was still another order directing payment of a claim of Charles B. Fenwick.

This appeal is from these several orders, the granting of which is assigned for errors. As to Fenwick he has had no

notice of appeal, and without such notice no judgment affecting his rights can be entered by this court.

The question presented by the order in favor of respondent Bisbee is, whether the case was one in which counsel fees of the complainant should have been allowed against the defendant. Under the practice in chancery, a direct taxation of costs as between solicitor and client against defendant cannot be made, the defendant not being liable for costs, except such as are fixed between party and party. 2 Dan. Ch. Pl., 3d Ed., 1509-11-82 and 1496.

But Bisbee claimed that his counsel fees should be allowed on the ground that the complainant was proceeding as trustee to get from defendant's property a fund for the benefit of others.

In chancery, "as between party and party, the counsel for the complainant has in no case a right to be paid extra counsel fees out of a fund belonging to the defendant, except where the counsel has been employed to obtain, or create such fund for the *joint benefit of both parties*. Where the interests of the parties are adverse, nothing beyond the legal taxable costs can be allowed by one party as against the other." Ryckman vs. Parkins, 5 Paige, 545.

In some cases, where the trustee has charge or control of the fund, he will be allowed his counsel fees out of these, even when he is the failing party, but such cases are exceptional; and we know of none where such allowance will be made to a trustee, failing in his suit, where the property belongs to and is in posssession of the defedant.

We do not see that the code authorizes a different practice, its provision in section 254, for allowance " in difficult and extraordinary cases," evidently referring to cases in which the *prevailing* party seeks indemnity for his expenses. This class of cases is defined in Hart vs. Bostwick and wife, 14 Fla. R., 162, in which it is announced that the question of such allowance "is not a matter of discretion but of ju-

dicial judgment." Of course such judgments can only be arrived at by judicial investigation, both parties concerned having a right to be heard.

In the case of Bisbee there was no party heard before the court but himself. By his own account for fees the appellant could have shown that of the amount claimed $4,000 was for arguments in two appeals in the case before this court, one of which, as appears by the records here, had been decided adversely to complainant at the January Term, 1875, and before the final judgment against appellant directing a seizure of the property, which was November 18, 1875. As to that much Bisbee's client was the losing party.

In regard to the second appeal, in which he charges for argument in this court, it was here and argued at the June Term, 1876, the appeal leaving it undertermined who would be the prevailing party, notwithstanding which the order of July 27, 1876, was made for payment of his fees out of appellant's property. But that appeal also was at that term decided adversely to his client and with costs, in favor of appellant. After such a result, even if the order was not improper in itself, it would now be the duty of this court to set it aside. It would be manfully unjust to allow counsel fees against the prevailing party, where the whole history of the case shows that the suit was founded upon a mistaken claim against that party.

As to the orders directing payment of the accounts of Canova and Pond, appellant does nothing more than assign the granting of these as error, giving no suggestions as to the specific grounds upon which it is claimed there is error. The account of Canova is for one thousand and ninety-six cross-ties, furnished one of the receivers appointed by the court in this case, to be used in the maintenance of the road, and is approved by that receiver. The account of Pond is for materials furnished a prior receiver for keeping in repair the rolling stock of the road. In regard to these we think

it was within the power of the party in possession, as the officer of the court in this cause, to make accounts of this character. (1 Wood's R., 331.) The order appointing them gave authority to operate the road, and the articles furnished were necessary to the preservation of the property in their possession.

The expense incurred in procuring them was for the benefit of all the parties to this suit, and it was proper for the court to direct payment for whatever went to the benefit of property in its possession and control. With funds in the hands of the officer of the court, it is not an improper practice-that a party having such claim should obtain an order to the receiver for its payment. In this case no question arises as to priority of claim upon the funds, as the order is to pay from funds not necessary for the operation of the road. There is no rule requiring a receiver to give notice to the parties of any payments he may make within the scope of his authority. He may pay, and upon the final passing of his accounts, the parties may object as in other cases. We think the special orders directing the payment of these accounts were correct, and the fact that they were made after the bill was directed to be dismissed, does not affect their legality.

The rule upon this subject is that the discontinuance of a suit does not discharge a receiver appointed therein. 1 Barb. Ch., 246 ; 2 do., 471 ; 1 Hogan, 174.

The funds being in possession of the court, it necessarily has jurisdiction to make an order for their distribution.

Upon the views herein expressed our judgment is that the order in favor of H. Bisbee, Jr., be reversed and set aside with costs against him, and that the orders in favor of Paul B. Canova and Frank R. Pond be affirmed with costs against appellant.