OLIVER *v.* CUNNINGHAM and others.

*(Circuit Court, W. D. Michigan.  ——, 1880.)*

1. BANKRUPTCY—MORTGAGE FORECLOSURE—ASSIGNEE NOT A NECESSARY
    PARTY.
       The assignee in bankruptcy of a bankrupt mortgagor is not a nec-
    essary party defendant to foreclosure proceedings instituted prior to
    the adjudication in bankruptcy.

2. SAME—SAME—ASSIGNEE CAN BE MADE A PARTY.
       Such assignee can, however, be made a party upon his own petition,
    if there should be any reason for his interposition.—[ED.
       *Eyster* v. *Gaff*, 91 U. S. 521.

In Equity.  Petition to have proceedings stayed.

WITHEY, D. J.  Garret B. Hunt, one of the defendants, has
filed a petition to have the proceedings in the suit stayed until
the assignees in bankruptcy of Cunningham, Haines, and Rob-
inson are made parties defendants.  It appears by the petition
that the three last-named defendants have been adjudicated
bankrupts, and that assignees have been appointed upon
proceedings in bankruptcy instituted subsequent to the com-
mencement of this suit.

Also, that defendant Robinson has received a discharge,
and that Cunningham and Haines have applied to be dis-
charged.  At the commencement of this suit the title of the
lands which are the subject-matter of the bill was in defend-
ant Cunningham, which title has devolved upon his assignees,
by virtue of the proceedings in bankruptcy.

Counsel for petitioner insists that all persons who may be
affected by the decree should be made parties; that such
assignees would be affected by a decree in favor of complain-
ant; and that the case cannot properly be heard, therefore,
until they are made parties.  Neither they, as assignees, nor
the land held by them, will be concluded by the decree. Cases
cited appear to sustain such views.  *Anon.* 10 Paige, 20, is
a foreclosure sale, where the equity of redemption or legal title
passed to the defendant's assignees in bankruptcy subsequent
to commencement of suit and prior to decree.  Chancellor
Walworth said the suit had become defective, and could not

be further proceeded in until the assignee in bankruptcy was made a party; that the assignee was not in the situation of a mere purchaser *pendente lite*, as the equity of redemption was cast upon him by law. It was followed in other cases—1 Barb. Ch. 246; 2 Barb. Ch. 596; 3 Barb. Ch. 360; 1 Sandf. Ch. 135; 3 McLean, 487—which were also cited by counsel.

If the cases referred to are to govern it, it is manifest that the assignees of the bankrupt defendant, to whom the title to any of the property involved in the suit has come, should be made parties in order to reach the interest held by them.

But, as we understand the opinion of the supreme court of the United States,—*Eyster* v. *Gaff et al.* 13 N. B. R. 546, 91 U. S. 521,—we are not at liberty to follow the New York cases, or the views expressed in 3 McLean.

Thomas and James Gaff in 1868 instituted suit to foreclose a mortgage against McClure. Pending the foreclosure proceedings he was declared a bankrupt upon a petition filed pending the suit, and an assignee was appointed. The decree of foreclosure and sale was rendered nearly two months after the adjudication that McClure was a bankrupt, and about a month after the appointment of the assignee.

Gaff purchased at the sale, received the master's deed, and the sale was duly confirmed. They then brought a suit in ejectment against the mortgagor's tenant, who defended on the ground that all proceedings in the foreclosure suit since the appointment of the assignee in bankruptcy were absolutely void, because he was not made a defendant.

The supreme court says: "But for the bankruptcy of McClure, by the decree and sale the title would have vested in the purchaser, and this would have related back to the date of the mortgage." The inquiry is then made, is there anything in the bankrupt law which takes the title to the premises acquired by the assignee out of this rule?

It was maintained by counsel that, because the assignee in bankruptcy is vested by the assignment under the statute with the legal title, there remains nothing from that time for the decree of foreclosure to operate on. The court, however, says: "If this be true in this case it must be equally true in

other suits in which the title is transferred *pendente lite.*" The court proceeds to state the grounds of its decision, and reaches the conclusion that there is no reason why the same principle should not apply to the transfer made by a bankruptcy proceeding as to a sale and conveyance by the mortgagor pending suit; and that in neither case is the court prevented from proceeding in the suit without the person in whom the title has vested, and that the title of the purchaser under the decree would not in such case be affected. It is further said, if there is any reason for interposing, the assignee can have himself substituted for the bankrupt, or made a defendant on petition. If he chooses to let the suit proceed without such defence, he stands as any other person would on whom the title has fallen since the suit commenced.

It is said, by petitioner's counsel, *Eyster* v. *Gaff* is not in point, for the reason that the claim there was that the foreclosure proceedings, under which Gaff claimed title, were void for want of jurisdiction, because the assignee in bankruptcy was not made a party, and that such want of jurisdiction was sought to be set up in the ejectment suit, not in the foreclosure suit. But the court takes the broad ground, from which there appears to be no escape, that there is nothing in the bankrupt law, or in the nature of proceedings in bankruptcy, which takes the interest in the mortgaged property acquired by the assignee out of the rule which governs as to voluntary conveyances by a defendant mortgagor *pendente lite.* This is an assertion by the supreme court of the doctrine that, in effect, the parties to the suit may wholly disregard the fact that the legal title to the property in controversy has, since the commencement of the suit, become invested in an assignee of a bankrupt defendant.

Again, it would seem that defendant Hunt should have brought forward his petition at an earlier stage of the suit, if his interests required other persons to be made parties, and that he should not now be permitted, after the cause is noticed for hearing, to have the delay necessary to bring them in. I do not concede that it is his right to have them made defendants. The assignees were bound to take notice of suits

pending against the bankrupts at the time of their appointment, and had a right to appear and defend any interest represented by them in the litigation pending here or elsewhere. If they should now apply to be let in as defendants, it ought probably to be permitted, unless their laches operate to prevent, but on such terms as to proceeding in the cause and the final hearing as would produce the least delay. If defendant Hunt has a claim for contribution from the estate of the bankrupts, the defendants, or any of them, in case he is decreed liable in this suit, no reason is seen why he may not intervene in the bankruptcy proceedings as to such contingent claim, and have an order that will prevent the assets being distributed until his rights can be ascertained.

Petition denied.