66 So.2d 257 (1953)
CONNER
v.
STATE ROAD DEPT. OF FLORIDA et al.
Supreme Court of Florida, Special Division A.
July 17, 1953.
On Petition for September 4, 1953.
*258 William D. Jones, Jr., Jacksonville, for appellant.
Ross H. Stanton, Jr., and Thomas J. Shave, Jr., Fernandina, for appellees.
On Petition for Attorney's Fees September 4, 1953.
TERRELL, Justice.
Appellees exhibited their petition in the Circuit Court of Nassau County to condemn certain lands of appellant for public purposes, to wit: parcels 133 and 169. As to parcel 169, a permanent easement for drainage purposes was sought. As to parcel 133, two estates were sought, (1) a fee simple title for right of way purposes, and (2) a "permit for grading on private property." At final hearing after much procedural sparring not necessary to detail, a verdict and judgment were entered for the petitioners who seasonably deposited the sum named in the final judgment in the registry of the Court. A motion for new trial was denied and the defendant appealed.
The first question urged stems from the action of attorney for the condemnor in dismissing the cause as to a portion of parcel 133, before the taking of testimony and before the appropriation of the lands.
The gist of appellant's contention on this point is that the attorney for the condemnors had no authority to determine when the suit should be dismissed as to all or any portion of the lands, such determination, it is contended, must be made by the condemning authority. This Court is committed to the doctrine that proceedings for condemnation of private property may be dismissed by the condemnors at any time. We construe "any time" to mean that time *259 before which compensation is made or actual possession of the property is taken by the condemnors. It is our view that when proceedings in condemnation are in process and the proceeding is dismissed as to all or any of the property by the attorney for the condemnors, the action of said attorney will be construed as that of the condemnor, absent any showing to the contrary.
The second question challenges the sufficiency of the pleadings and compliance vel non on the part of the condemnor with the statutes directing the condemnation proceedings.
Appellants' contention as directed to this question, is highly technical and of doubtful merit. As to jurisdiction, we think that was vested in the Circuit Court under Section 11, Article V of the Constitution, F.S.A., when the petition to condemn was filed. It further appears that the answer and other pleadings of appellant are sufficient to settle the question contrary to the contention of appellant. Appellant had due notice of the petition to condemn and no objection to it for jurisdiction was timely raised in the court below. Since we think the pleadings concluded the matter there is no basis to raise it in this Court. Demeter Land Co. v. Florida Public Service Co., 99 Fla. 954, 128 So. 402.
It is next contended that the defendant owner should have been granted a continuance when the cause was dismissed as to a portion of the land sought to be condemned.
Appellant contends that the dismissal as to a portion of the lands, amounted to destruction of the improvements on the adjacent property. We do not find support in the record for this contention. The trial court took evidence and thoroughly considered the matter. He gave appellant a reasonable respite. There is a dearth of showing that the trial court abused his discretion or that appellant was harmed for failure to grant a continuance.
Objection is next raised to the remarks of the trial judge when considering the motion for continuance and to remarks of the attorney for appellees in his rebuttal argument to the jury.
In so far as the remarks by the trial judge are concerned, there is no merit to the contention. The remarks accredited to him were merely inducements to and had to do with his reasons for denying the motion for continuance. They were pertinent to the question, they were not calculated to arouse prejudice and when considered in context, there was nothing in them to mislead the jury or to which it could take exception.
The statements made by attorney for the condemnors in his rebuttal argument to the jury were as follows:
"I think the people from whom we are taking a strip along the road or land for a burrow pit should be given a fair compensation, but not these oil companies, they are not entitled to anything."
"The State builds the highways for the benefit of the oil companies."
"The testimony of the oil companies seeking to build up damages is nothing but trickery to get money from the petitioners."
"These Jacksonville attorneys have come over here and tried to put something over on the Court."
"The Seaboard Oil Company is not entitled to any damages because of the proposed changes in the curb line, it has no right to the continued use of the highway as an approach to its filling station."
There was no excuse whatever for making such remarks. They were out of context, impertinent and had no place in the argument, neither was there any basis in the evidence or the record for them. There was no issue or event in the case to which they had the remotest relation or justification. They contained a sectional appeal, an unfair and a prejudicial implication and it is contended that they materially affected the issue of just compensation. If it is a fact that just compensation for the lands taken and damage to those left was not awarded, the owner should have a *260 chance to demonstrate it to a jury free from bias or prejudice. There is no yard stick by which the evil of such remarks can be measured. When as here they array one class against another for no cause there is no way out of the dilemma but to let another jury consider the issues. Attorneys should not permit their zeal and enthusiasm for their client's cause to lead them into making an argument to the jury, appealing to their personal, or selfish, interest, or to inflame prejudice against a class, or to fan the fires of sectionalism. Verdicts of juries must be based upon something more substantial.
In the case of Doty v. City of Jacksonville, 106 Fla. 1, 142 So. 599, 600, this Court said:
"The ninth assignment of error reads as follows:
"`The court erred in permitting one of the attorneys for the petitioner, over the objections of the defendant, in his argument to the jury, to state to the jury that when they retired to consider their verdict they should keep in mind that whatever is paid to defendant as compensation for the property would come out of the pocket of the tax payers, and that the jury as tax payers would pay a part of whatever should be allowed to the defendant for his property.'
"Objection to this line of argument was made, and the objection overruled. This constituted reversible error. Counsel for the city made some subsequent effort to qualify and explain this argument, but the damage had been done, and we are clearly of the opinion that such argument was improper, and, in its tendency, prejudicial to the defendant's case. S[eaboard] A[ir] L[ine] Ry. Co. v. Smith, 53 Fla. 375, 385, 43 So. 235; Akin v. State, 86 Fla. 564, 98 So. 609; 2 Encyc. Pldg. & Prac. 727."
It is last contended that the judgment was vitiated for failure of the condemnors to include clerks fees as required by Section 28.24, Florida Statutes F.S.A., with the amount of final judgment paid into the registry of the court.
The burden of appellant's argument on this point is that we should reverse Inland Waterway Development Company v. City of Jacksonville, 160 Fla. 913, 37 So.2d 333. We have concluded to the contrary that the decision of the trial court on the point should be affirmed on authority of that case.
It follows that the judgment is reversed for improper argument to the jury.
Reversed.
ROBERTS, C.J., MATHEWS, J., and HOLT, Associate Justice, concur.

On Petition For Attorneys Fees
TERRELL, Justice.
On petition for attorneys fees it is contended that error was committed in that defendant, appellant was not awarded a reasonable attorneys fee for services expended. We did not overlook that point. This Court is committed to the doctrine that attorneys fees may be awarded only in cases where statute or special contract provides for them. We find no such authority for them in this case and appellants have cited none.
The petition for attorneys fees is therefore denied.
ROBERTS, C.J., MATHEWS, J., and HOLT, Associate Justice, concur.