108 So.2d 289 (1958)
JACKSONVILLE EXPRESSWAY AUTHORITY, a corporate agency of the State of Florida, Appellant,
v.
HENRY G. DU PREE COMPANY, a Florida corporation, et al., Appellee.
Supreme Court of Florida.
October 1, 1958.
Rehearing Denied January 21, 1959.
On Petition for Attorney's Fees January 21, 1959.
*290 David W. Foerster, Jacksonville, for appellant.
J.W. Pettyjohn and Bedell & Bedell, Jacksonville, for appellee.
Charles T. Boyd, Jr., Jacksonville, Ross H. Stanton, Jr., and Richard B. Austin, Tallahassee, for State Road Department, intervenor.
HOBSON, Justice.
This is an appeal by plaintiff, Jacksonville Expressway Authority, from judgment in eminent domain proceedings. Appellant contends that the question involved requires a construction of the Florida Constitution.
Appellee is a corporation engaged in the heavy construction business. It owned certain lands designated in the petition for condemnation as Parcel No. 168. This was part of a block of property upon which appellee conducted its business. The land which was taken in the condemnation proceedings was used for the storage of various equipment used in the business. Upon the land was the company's office, a warehouse building, and a storage shed, and on part of the block which was not taken was located a small concrete block building. All of the property was used in the operation of appellee's business, without distinction between one part of the block and another.
As a result of the condemnation proceedings the entire block which had been used by the appellee, even though it was not all condemned, had to be vacated because appellee was unable to continue operation of its business on the part of the block not taken. Accordingly, the whole block was vacated and appellee's equipment and supplies moved to a new location three miles away.
The jury awarded appellee a total sum of $110,000 as full compensation for all injuries sustained by reason of the appropriation. The verdict stated in part:
"Included in the above mentioned sum awarded for compensation is the sum of $6,000 which we find to be the reasonable cost of moving."
The determinative question in this case is whether or not any of the provisions of the Declaration of Rights, the Constitution, or Statutes of the State of Florida permit an owner to be compensated for the reasonable cost of moving his personal property, from lands acquired by public authority in an eminent domain proceeding, to a new location.
Section 29 of Article XVI of the Florida Constitution, F.S.A., reads as follows:
"No private property, nor right of way shall be appropriated to the use of any corporation or individual until full compensation therefor shall be first made to the owner, * * *."
Section 12 of the Declaration of Rights provides, inter alia, as follows:

*291 "* * * nor shall private property be taken without just compensation * * *."
Section 73.10, Florida Statutes, 1955, F.S.A., provides, in part:
"* * * If no cause be shown to the contrary the said judge shall cause a jury of twelve men to be empaneled to try what compensation shall be made to the defendants for the property sought to be appropriated, which amount shall be a just compensation therefor of condemnation, or appropriation, irrespective of any benefit from any improvement proposed by the petitioner, * * *."
Admittedly the current weight of authority in the United States supports appellant's contention that no compensation to the owner for the cost of moving his personal property should be allowed. Kansas City Southern Railway Co. v. Anderson, 1908, 88 Ark. 129, 113 S.W. 1030; United States v. Inlots, 1873, 26 Fed.Cas. p. 482, No. 15,441; United States v. Petty Motor Co., 1946, 327 U.S. 372, 66 S.Ct. 596, 90 L.Ed. 729; Nichols on Eminent Domain, 3rd Edition, Volume 4, § 14.2471(2) A, page 401.
The courts advance a number of reasons to sustain such holding. In the cases where compensation for the taking of the fee is at issue, as herein, two salient arguments are made. The first reason given for the rule excluding moving costs begins with the assumption that the condemnee may receive only the fair market value of the property to be taken as his full compensation. Orgel on Valuation Under Eminent Domain, 2nd Edition, Volume 1, page 306. It is reasoned in support of this view that the owner's necessity of incurring removal costs does not enhance the market value of the property taken. That is to say:
"The mere fact that the particular owner who transfers his premises to someone else must incur considerable outlays in moving his valuables to another location, while it has a decided effect on the values of these premises to himself, has no perceptible bearing on their market value." Orgel on Valuation Under Eminent Domain, 2d Edition, Vol. 1, pp. 305, 306.
This reason assumes that a willing purchaser would consider his moving costs in arriving at his proffer and thus offset the seller's addition of his moving costs to his proposed selling price. Unfortunately, as a practical matter, the owner whose property is being taken by eminent domain is seldom a willing seller. Dade County v. Brigham, Fla., 1950, 47 So.2d 602, 604-605. We feel our constitutional provision for full compensation requires that the courts determine the value of the property by taking into account all facts and circumstances which bear a reasonable relationship to the loss occasioned the owner by virtue of the taking of his property under the right of eminent domain.
"The lessee is entitled to just and adequate compensation for his property; that is, the value of the property to him, not its value to the Housing Authority. The measure of damages for property taken by the right of eminent domain, being compensatory in its nature, is the loss sustained by the owner, taking into consideration all relevant factors. * * *" Housing Authority of Savannah v. Savannah Iron & Wire Works, Inc., 1955, 91 Ga. App. 881, 87 S.E.2d 671, 675.
See also 67 Yale Law Journal, p. 61 (1957) for an enlightening discussion on this subject.
Although fair market value is an important element in the compensation formula, it is not an exclusive standard in this jurisdiction. Fair market value is merely a tool to assist us in determining what is full or just compensation, within the purview of our constitutional requirement.
*292 In Dade County v. Brigham, supra, 47 So.2d 602, 604, this court, adopting as its own the language of the circuit judge, said:
"Full compensation is guaranteed by the Constitution to those whose property is divested from them by eminent domain. The theory and purpose of that guaranty is that the owner shall be made whole so far as possible and practicable."
In the past this court has used additional tools in determining what constitutes just or full compensation in a particular case. We have allowed compensation for damage to remaining lands. Orange Belt Ry. Co. v. Craver, 1893, 32 Fla. 28, 13 So. 444; State Road Department of Florida v. Zetrouer, 1932, 105 Fla. 650, 142 So. 217. Also, this court has required the taker to reimburse the owner for appraiser's fees incurred in establishing the extent of his damage. Dade County v. Brigham, supra.
Although the contention that moving costs have no bearing on the fair market value of the premises may be meritorious in other jurisdictions, it has no merit in Florida, where an owner is constitutionally guaranteed full or just compensation. The theory and spirit of such a guarantee require a practical attempt to make the owner whole. Dade County v. Brigham, supra, 47 So.2d 602; Dade Co. v. Houk, Fla., 1956, 89 So.2d 649. A person who is put to expense through no desire or fault of his own can only be made whole when his reasonable expenses are included in the compensation.
The second argument in support of the theory of no compensation for moving expenses is that such damages are speculative.
There is no place in the instant suit for such an argument. Appellee moved its personal property before the trial of this case. It introduced testimony that the actual cost of moving three miles to a new location was $9,166. The jury, after considering appellee's testimony and the testimony of a professional mover that this property could have been moved by his organization for an estimated $10,000, determined that the reasonable moving costs were $6,000.
Appellee's moving cost damages were definitely ascertained at the trial. Consequently we do not have to speculate about them. Moreover, in every condemnation suit wherein the cost of moving personal property is an issue, the burden of proving such cost is upon the condemnee. Housing Authority of Shreveport v. Green, 1942, 200 La. 463, 8 So.2d 295, 299. This burden cannot be met by mere speculative testimony.
We are persuaded to the view that the facts of this case, viewed in the light of our constitutional guaranty of full and just compensation, call for a positive assertion of appellee's right to reasonable compensation for the cost of moving its personal property.
Affirmed.
TERRELL, C.J., and ROBERTS, J., concur.
DREW, J., concurs specially.
THORNAL, J., dissents.
DREW, Justice (concurring specially).
To sustain appellant's argument here, that the cost of removal of personal property from condemned premises may not properly be considered in determining compensation to the owner under our organic law, would be tantamount to vesting in the sovereign not only the right to force an owner to convey to the sovereign lands he does not want to convey but, in addition, to part with other property without hope of reimbursement.
Many situations could arise where the cost of removal of the personal property *293 would greatly exceed the value of the lands taken. Lands upon which scrap iron, old automobiles, heavy building materials and things of that nature are stored are usually in remote and undesirable areas where land values are extremely low. It was never intended that the sovereign could place on the shoulders of an individual the burden of paying out his own money in order that the public could use his property against his will.
The fact that the sovereign is now engaged in great public enterprises necessitating the acquisition of large amounts of private property at greatly increasing costs is no reason to depart from the firmly established principle that under our system the rights of the individual are matters of the greatest concern to the courts. The powerful government can usually take care of itself; when the courts cease to protect the individual  within, of course, constitutional and statutory limitations  such individual rights will be rapidly swallowed up and disappear in the maw of the sovereign. If these immense acquisitions of lands point to anything, it is to the continuing necessity in the courts of seeing to it that, in the process of improving the general welfare, individual rights are not completely destroyed.
I, therefore, concur in the excellent opinion and judgment of Mr. Justice HOBSON.
TERRELL, C.J., and HOBSON and ROBERTS, JJ., concur.
THORNAL, Justice (dissenting).
I have long doubted that Section 29, Article XVI, Constitution of Florida, applies to governmental agencies. See De Soto County v. Highsmith, Fla. 1952, 60 So.2d 915. Section 12 of the Declaration of Rights requires only just compensation as does the Constitution of the United States. By statute the Legislature has defined just compensation and I lean to the view that we should adhere to the statute which actually reflects the rule followed by the majority of the courts.
I think moving costs are in the nature of "consequential damages" and in most cases would be so speculative as to where and how the personalty is to be moved that it would be extremely difficult, if not impossible, to lay down a rule for the courts to follow.
For the reasons stated above, I most respectfully dissent.

On Petition For Rehearing
PER CURIAM.
This cause is before us upon petitions for rehearing. The original opinion has been modified and, as so modified, the petitions for rehearing have been considered as addressed to the modified opinion, with the result that we have concluded the petitions should be, and they are hereby, denied.
Whereas, Mr. Chief Justice TERRELL, Mr. Justice HOBSON and Mr. Justice ROBERTS have concurred in the special concurring opinion originally prepared by Mr. Justice DREW, it is further ordered that the opinion prepared by Mr. Justice HOBSON and the special concurring opinion prepared by Mr. Justice DREW shall be and shall constitute the majority opinion in this case.
TERRELL, C.J., and HOBSON, ROBERTS and DREW, JJ., concur.
THORNAL, J., dissents.

On Petition for Attorney's Fees
HOBSON, Justice.
The appellee has petitioned this court for an allowance of attorney's fees for services rendered by its counsel in defending the appeal taken by Jacksonville Expressway Authority. In support of its petition one of appellee's counsel has filed an *294 affidavit which states that he and his associates have devoted 129 hours to the preparation and presentation of this case on appeal.
This court is committed to the doctrine that attorney's fees may be awarded only in cases where statute or special contract provides for them.[1] This is the general rule applicable in cases involving private litigation. Phoenix Indemnity Co. v. Union Finance Co., Fla., 1951, 54 So.2d 188; Dorner v. Red Top Cab and Baggage Co., 1948, 160 Fla. 882, 37 So.2d 160, and cases cited therein. Without, as we now feel, appropriate consideration of the distinct nature of eminent domain proceedings and the stark significance of the requirements of "full" and "just" compensation, this rule was applied to such proceedings. Conner v. State Road Department, Fla., 1953, 66 So.2d 257; In re Clark's Estate, 5 Cir., 1951, 187 F.2d 1003. However, it is our opinion that an exception should be made to the general rule in those cases wherein appellees in eminent domain proceedings are successful in defending appeals prosecuted by the condemning authority.
We believe such an exception is in keeping with the spirit and letter of our constitutional provision for full or just compensation and with our decisions in the cases of Dade County v. Brigham, Fla., 1950, 47 So.2d 602 [approved and confirmed by the entire court in Dade County v. Houk, Fla., 1956, 89 So.2d 649] and the opinion in the instant case.
Failure to recognize such an exception in a case like the instant suit would fall far short of "a practical attempt to make the owner whole". Henry G. DuPree Company is not here of its own free will. Jacksonville Expressway Authority instituted this appeal thus compelling the condemnee to employ counsel and become obligated for a reasonable attorney's fee. If the condemnee is required to pay such fee out of its own funds there can be no doubt that the outlay "would bear a reasonable relationship to the loss occasioned the owner by virtue of the taking of [its] property under the right of eminent domain."
Moreover, although no statute is needed to implement the organic law which provides for "full" and "just" compensation, as those terms have been interpreted by this court, nevertheless it would seem to be a proper interpretation of Sections 73.16 and 74.10, F.S.A., that in condemnation appeals the condemnor must pay the condemnee's reasonable attorney's fees, except in those cases where the appeal is taken by the condemnee and the judgment of the circuit court is affirmed. Such an interpretation was adopted by this court in the case of State Road Department of Florida v. Hartman, Fla., 1957, 94 So.2d 742. In an unpublished order annexed to our per curiam opinion we said:
"Upon motion of the landowners, who were defendants in the eminent domain proceeding under Chapter 74 Florida Statutes 1955 and who were awarded compensation in the lower court which has been affirmed by this Court in an appeal brought by the petitioners, State Road Department and Alachua County; it is Ordered that attorney's fees for services rendered to the landowners in defending their cause on this appeal are hereby awarded as follows: $350.00 to Lazonby, Dell, Graham & Wilcox as attorneys for T.A. Wallace and $350.00 to Clayton, Arnow, Duncan & Johnston as attorneys for John Frances Hartman and *295 wife, Martha Evelyn Hartman, M.T. Hartman, Jr. and wife, Ina T. Hartman.
"§ 74.10 Florida Statutes 1955 provides:
"`All cost of proceedings shall be paid by the petitioner, including a reasonable attorney's fee for the defendant to be assessed by the jury, except the cost upon the writ of error taken by a defendant, on which the judgment of the circuit court shall be affirmed.'
"The legislative intent in the statute is clear. All cost of the proceedings (which contemplates appellate proceedings, since the sole exception is to cost on writ of error under circumstances not present in the case at bar) is required to be paid by the petitioners. It is also clear that reasonable attorney's fees are included by the statute as a cost. See DeSoto County v. Highsmith, Fla., 1952, 60 So.2d 915; cf. Dade County v. Brigham, Fla., 1950, 47 So.2d 602, the principles of which were reaffirmed in the order on rehearing granted in Dade County v. Houk, Fla., 1956, 89 So.2d 649."
This order was filed on May 6, 1957.
Appellee's petition is hereby granted.
It is ordered that attorney's fees are hereby awarded to Bedell and Bedell, as counsel for the Henry G. DuPree Company in this cause, in the amount of $1,500.
TERRELL, C.J., and ROBERTS and DREW, JJ., concur.
THORNAL, J., dissents.
THORNAL, Justice (dissenting).
I dissent on authority of Jacksonville Terminal Co. v. Blanshard, 77 Fla. 855, 82 So. 300, 85 Fla. 500, 96 So. 286; Conner v. State Road Department, Fla., 1953, 66 So.2d 257.
NOTES
[1] At least one exception has heretofore, by case law, been engrafted upon this doctrine. "A court in the exercise of equitable jurisdiction may in its discretion order the allowance of counsel fees from a common fund where an action has preserved, protected, or increased the common fund or common property, or has created a fund in which others may share." 8 Fla.Jur., Costs, § 37. See also Lewis v. Gaillard, 70 Fla. 172, 69 So. 797; and State v. Fla. Central Railroad Co., 16 Fla. 703.