WHITE, Judge.
This is one of three appeals by the 'State Road Department of Florida seeking reversal of similar new trial orders entered in a single condemnation suit involving separate parcels of land and separate respondents. On stipulation of counsel the appeals were consolidated for the limited purpose of utilizing only one record on appeal. Each of the three notices of appeal was directed to the relevant order granting a new trial, and each appeal asserts similar error in the content of the order granting a new trial. The order pertinent to the instant case reads as follows:
“This cause coming on to be heard upon Motion for New Trial filed by Respondents ANTHONY MUTILLO and his wife, JOSEPHINE MUTIL-LO on behalf of Parcel SRD 28, and it appearing to the Court that said Motion is well founded and that a new trial should be granted as to said respondents and parcel,
“IT IS, THEREFORE, ORDERED, AND ADJUDGED that Respondents Motion for New Trial be and hereby is *180 granted .and that a new trial both on compensation due Respondents and on award of Attorney fees in said cause be awarded in behalf of ANTHONY MU-TILLO and his wife JOSEPHINE MUTILLO as to SRD 28.”
The orders in the other appeals, except for the names of respondents and descriptions of lands, are identical with the quoted order here involved.
The appellant Road Department contends that the new trial order is reversible in that it fails to indicate therein the particular ground or grounds therefor pursuant to Fla.Stat. § 59.07(4) F.S.A.[1] The appellees, on the other hand, urge in effect that the errors in the awards are so self-evident that literal compliance with the statute is unnecessary. In support of this point the appellees rely upon Hammett v. Lyte Lyne, Inc., Fla.App.1962, 142 So.2d 745, but the decision in that case was quashed in Hammett v. Lyte Lyne, Inc., Fla.App. 1963, 150 So.2d 235, wherein the Supreme Court’s opinion states at page 236:
“The decision under review affirmed the order granting a new trial which did not set out the grounds therefor ^ ‡
“We are of the opinion that the requirement that the trial judge indicate the particular grounds upon which a new trial is ordered is mandatory.”
Inasmuch as the order here reviewed fails to indicate the particular ground or grounds for granting a new trial, we must reverse.
The appellees have moved this court to award them attorney fees for services of their attorneys on appeal. In Conner v. State Road Department of Florida, Fla.1953, 66 So.2d 257, the Supreme Court of Florida noted that as a general rule attorney fees for services to a con-demnee on appeal may be awarded only where the statute or special contract so provides. Subsequently, in Jacksonville Expressway Authority v. Henry G. Du Free Company, Fla.1959, 108 So.2d 289 at 294, 69 A.L.R.2d 1445 the majority of the Supreme Court was of the opinion that an exception should be made to the general rule in cases where the condemnees are successful in appeals prosecuted by the condemning authority. The instant condemnees are not successful on the condemnor’s appeal. Accordingly their motion for attorney fees does not come within the exception and is not supported by Jacksonville Expressway Authority v. Henry G. Du Pree Company, supra. The motion for fees is denied.
Reversed and remanded.
KANNER, Acting C. J., and FUSSELL, CARROLL W., Associate Judge, concur.

. “New Trials, Review of Order Granting. — In every case in which the trial court shall enter an order granting a motion for a new trial, the trial judge shall indicate in the order granting said motion the particular ground or grounds upon which said motion was granted, and upon appeal from any such order, if taken under the statutes providing for appeal from orders granting new trials, no other grounds than those specified by the trial judge, as a basis for the order granting the new trial, shall be considered as arguable upon said appeal.”