UPON PETITION FOR REHEARING
WALDEN, Judge.
The condemnor asks us to reconsider and reverse our order which awarded attorney fees to the condemnees for the services of their attorney which were rendered in this appeal.
It is to be remembered that the con-demnor was the successful appellant and that a reversal of the trial court judgment resulted.
Condemnor suggests that the award was contrary to law and supports this stance with the cases of State Road Department v. Mutillo, Fla.App.1963, 155 So.2d 179; State Road Department v. Peter, Fla.App.1964, 165 So.2d 771. Indeed, these two cases do deny an award of fees to condemnees where the condemnor was the successful appellant. The rationale for these decisions is found in the Mutillo case:
“In Conner v. State Road Department of Florida, Fla.1953, 66 So.2d 257, the Supreme Court of Florida noted that as a general rule attorney fees for services to a condemee on appeal may be awarded only where the statute or special contract so provides. Subsequently, in Jacksonville Expressway Authority v. Henry G. Du Pree Company, Fla.1959, 108 So.2d 289 at 294, 69 A.L.R.2d 1445 the majority of the Supreme Court was of the opinion that an exception should be made to the general rule in cases where the con-demnees are successful in appeals prosecuted by the condemning authority. The instant condemnees are not successful on the condemnor’s appeal. Accordingly their motion for attorney fees does not *39 come within the exception and is not supported by Jacksonville Expressway Authority v. Henry G. Du Pree Company, supra. The motion for fees is denied.” 155 So.2d 179, 180.
Because our view conflicts with that expressed in the Mutillo case which was followed in the Peter case, we have examined the matter with special care, searching for a basis whereby our respective views might be accommodated or reconciled. Having done this without success, we announce with regret that we must depart from the position taken by our sister court. We do this because we are persuaded that F.S.A. § 73.-131 authorizes the award of these fees and because we place a different construction upon the case of Jacksonville Expressway Authority v. Henry G. Du Pree Company, Fla.1959, 108 So.2d 289, which was cited as authority for the holding in the Mutillo case.
We believe that the requirements of our organic law which provide for “full” and “just” compensation for the condem-nees would authorize an award of attorney fees under the circumstances at hand even without the auspices of statute or special contract. In the case of Jacksonville Expressway Authority v. Henry G. Du Pree Company, supra, we notice that an award of fees to a successful condemnee in an appeal brought by the condemnor was approved. Upon consideration we are not able to make a meaningful distinction between that situation and the case of an unsuccessful condemnee appellee, and, thus, we believe that the reasoning provided in the Jacksonville Expressway case applies equally well here. In our case the con-demnees obtained judgment satisfactory to them, and the same represented the law of the case until it was reversed.' The con-demnor appeals. What is the condemnee to do? Obviously, he is bound to guard and protect the trial court judgment. To this end he requires the services of counsel and the expenditure of necessary costs. Parenthetically, the appellate court needs the services of counsel on both sides in order that it may receive the benefit of advice in seeking a solution to the sometimes complicated problems that attend eminent domain proceedings. The penalty of costs and fees should not be placed at the property owner’s door in the event the appellate court disagrees and reverses the trial court judgment upon an appeal initiated by the condemnor.
Next, and even more compellingly, F.S.A. § 73.131,[1] which is applicable to this appeal, affords a clear mandate for the award of these contested fees. The substance of that statute is that the condemnor must pay all appellate costs and attorney fees except in the instance of an unsuccessful appeal taken by the condemnee. The facts in the instant case do not in anywise fit the exception mentioned in the statute. We know by the rules of statutory construction that express exceptions made in a statute give rise to a strong inference that no other exceptions are intended and that exceptions will not be implied where, as here, the words of the statute are free from ambiguity. 30 Fla.Jur., Statutes, §§ 84 and 129.
Sections 73.16 [2] and 74.10,[3] F.S.1963, F.S.A., were the forerunners of F.S.A. *40 § 73.131 and a comparison of them reveals no material differences with reference to the issue. The case of Jacksonville Expressway Authority v. Henry G. Du Pree Company, supra, had occasion to construe Section 73.16 and 74.10, F.S.1963, F.S.A., with reference to an award of fees to successful condemnees in appeals prosecuted by the condemnor. While the specifics of that factual situation were not found in the statutes dealing with the matter, the court there recognized the specific exception and held that, since its facts did not fit the definition of the exception, the statutes would authorize the payment of the fees. We think such construction lends comfort to the view we take as to the application of the statute. More exactly, the Supreme Court said there:
“[8] Moreover, although no statute is needed to implement the organic law which provides for ‘full’ and ‘just’ compensation, as those terms have been interpreted by this court, nevertheless it would seem to be a proper interpretation of Sections 73.16 and 74.10, F.S.A., that in condemnation appeals the condemnor must pay the condemnee’s reasonable attorney’s fees, except in those cases where the appeal is taken by the condemnee and the judgment of the circuit court is affirmed. Such an interpretation was adopted by this court in the case of State Road Department of Florida v. Hartman, Fla., 1957, 94 So.2d 742. In an unpublished order annexed to our per curiam opinion we said:
“Upon motion of the landowners, who were defendants in the eminent domain proceeding under Chapter 74 Florida Statutes 1955 and who were awarded compensation in the lower court which has been affirmed by this Court in an appeal brought by'the petitioners, State Road Department and Alachua County; it is Ordered that attorney’s fees for services rendered to the landowners in defending their cause on this appeal are hereby awarded as follows: $350.00 to Lazonby, Dell, Graham & Wilcox as attorneys for T. A. Wallace and $350.00 to Clayton, Arnow, Duncan & Johnston as attorneys for John Frances Hartman and wife, Martha Evelyn Hartman, M. T. Hartman, Jr. and wife, Ina T. Hartman.
‘§ 74.10 Florida Statutes 1955 provides:
‘ “All cost of proceedings shall be paid by the petitioner, including a reasonable attorney’s fee for the defendant to be assessed by the jury, except the cost upon the writ of error taken by a defendant, on which the judgment of the circuit court shall be affirmed.”
‘The legislative intent in the statute is clear. All cost of the proceedings (which contemplates appellate proceedings, since the sole exception is to cost on writ of error under circumstances not present in the case at bar) is required to be paid by the petitioners. It is also clear that reasonable attorney’s fees are included by the statute as a cost. See DeSoto County v. Highsmith, Fla., 1952, 60 So.2d 915; cf. Dade County v. Brigham, Fla., 1950, 47 So.2d 602, [18 A.L.R.2d 1221] the principles of which were reaffirmed in the order on rehearing granted in Dade County v. Houk, Fla., 1956, 89 So.2d 649.’ ” 108 So.2d 289, 294.
We, therefore, hold that the con-demnees are entitled to an award of fees and costs where the condemnor is the successful appellant.
Appellant’s petition for rehearing is denied.
ANDREWS, Acting C. J., and GONZALEZ, JOSE A., Jr., Associate Judge, concur.

. “73.131 Appeals. * * *
“The petitioner shall pay all reasonable costs of the proceedings in the appellate court, including a reasonable attorney’s fee to be assessed by that court, except upon an appeal taken by a defendant in which the judgment of the trial court shall be affirmed.”

. “73.10(1963) Costs of proceedings.
“All costs of proceedings shall be paid by the petitioner, including a reasonable attorney’s fee to be assessed by the court, except the cost upon the appeal taken by a defendant, in which the judgment of the circuit court shall be affirmed.”

.“74.10(1963) Costs and attorneys’ fees. * * *
“All cost of proceedings shall be paid by the petitioner, including reasonable attorneys’ fees for the defendant to be as *40 sessed by the court, except the cost upon review taken by a defendant, on which the judgment of the circuit court shall be affirmed.”