345 So.2d 843 (1977)
DIVISION OF ADMINISTRATION, STATE of Florida DEPARTMENT OF TRANSPORTATION, Plaintiff,
v.
GRANT MOTOR COMPANY et al., Defendants.
No. 76-1421.
District Court of Appeal of Florida, Second District.
May 4, 1977.
*844 H. Reynolds Sampson, General Counsel, Coral Gables, Alan E. DeSerio and Kenneth M. Towcimak, Tallahassee, for plaintiff.
Herman W. Goldner of Goldner, Reams, Marger, Davis, Piper & Kiernan, St. Petersburg, for defendant, McRae Funeral Home.
BOARDMAN, Chief Judge.
The Circuit Court of the Sixth Judicial Circuit has certified the following question to this court:
Does the necessary services of an attorney and/or appraiser in the administrative appeal of the Department's order of refusing relocation expense in ancillary proceedings resulting from a taking in an eminent domain proceeding, entitle a defendant property owner to reasonable attorneys' fees and appraisers' costs for services of said attorneys in said administrative appeal, and if so, can they properly be considered as part of the eminent domain proceedings in chief?
The trial judge stated in the certification that the question is without controlling precedent in Florida and that it is a matter *845 of significant public interest. See Fla.App. Rule 4.6(a).
An eminent domain action was instituted by the State of Florida Department of Transportation in the circuit court to condemn a parcel of real property owned by defendant, McRae Funeral Home, upon which its place of business was located. Initially defendant claimed business losses as a part of its compensable damages. While this suit was pending, however, the Supreme Court of Florida ruled in Jamesson v. Downtown Development Authority, 322 So.2d 510 (Fla. 1975) that business losses were not an element of damages where, as in this case, the complete parcel was taken. Defendant then abandoned its claim for business losses.
Before final judgment was entered by the trial court, defendant submitted a request to the Department of Transportation for a 42 U.S.C. § 4622 (c) (1971) payment equal to the average annual net earnings of the business in lieu of a 42 U.S.C. § 4622(a) (1971) payment for actual moving expenses.[1] The request was denied by the Department of Transportation. Defendant appealed to the Division of Administrative Hearings of the Department of Administration, and after a final hearing held May 18, 1976, the hearing officer found that although defendant was a displaced person under 42 U.S.C. § 4622 (1971) and was eligible for a § 4622(a) payment, it was not eligible for a § 4622(c) payment in that it failed to make the necessary showing that the business could not be relocated without a substantial loss of existing patronage.[2]
Final judgment in the eminent domain action was entered by the trial court awarding defendant $28,700 as full payment for the property.[3] Defendant then filed for payment of its expenses incurred in both the circuit court and the administrative agency appeal. The court found that the amounts requested, that is $3,500 attorney's fees and $3,645 appraiser's fees, were reasonable for the total services rendered but awarded defendant only that portion of the expenses which was attributable to the circuit court proceedings. The court also found that entitlement to fees and costs incurred as a result of the agency appeal presented a unique question of law and certified the question of entitlement to this court.
Defendant contends that the constitutional guarantee to full compensation for property taken by eminent domain includes all expenses incurred in any forum while in pursuit of full compensation. Article X, Section 6(a), Florida Constitution, provides that:
No private property shall be taken except for a public purpose and with full compensation therefor paid to each owner or secured by deposit in the registry of the court and available to the owner.
Although statutory authorization for payment of costs incurred in an eminent domain action pertains only to proceedings in the circuit court,[4] Section 6 of Article X of the Florida Constitution is self-executing and, therefore, does not require enabling legislation to justify award of items contemplated by full compensation. Jacksonville Expressway Authority v. Du Pree Co., 108 So.2d 289 (Fla. 1958).
Full compensation consists of two elements, the value of the property taken and severance damages to any remainder. Compare Daniels v. State Road Department, 170 So.2d 846 (Fla. 1964) with Du Pree Co., supra. Defendant's reliance on cases which by way of dicta have said that full compensation includes the expenses of establishing the amount of full compensation *846 is misplaced. See State v. Florida State Improvement Commission, 47 So.2d 601 (Fla. 1950); Du Pree, supra. In Florida State Improvement Commission and in Du Pree the court found statutory authority to justify the cost award. Moreover, the expenses at issue in the case before us were not incurred while defendant was pursuing a right to compensation secured by the constitution. The Florida supreme court has made it clear that full compensation for property taken by eminent domain is limited to payment for loss of tangible property. Intangibles such as business damages or lost profits due to loss of patronage, as provided for by § 4622(c), are not items included in full compensation. Jamesson, supra. Furthermore, the purpose of the federally authorized § 4622 payments was to supplement traditional eminent domain compensation, not to create an additional element of full compensation. See Auraria Businessmen Against Confiscation, Inc. v. Denver Urban Renewal Authority, 183 Colo. 441, 517 P.2d 845, 848 & n. 2 (1974); 42 U.S.C. § 4602 (1971). Therefore, costs incurred while seeking a § 4622(c) payment are not contemplated by Article X, Section 6 of the Florida Constitution.
Since the element of damages defendant sought in the administrative appeal was not created by the constitution, costs of the appeal of the denial of that item will be awarded only where they are provided for by contract or by statute. E.g., Conner v. State Road Department, 66 So.2d 257 (Fla. 1953). Although Section 73.091, Florida Statutes, applies regardless of whether the damages sought are awarded, the item must be sought in the circuit court proceedings. See Hodges v. Division of Administration, Department of Transportation, 323 So.2d 275 (Fla.2d DCA 1975); State Department of Transportation v. Shaw, 303 So.2d 75 (Fla.1st DCA 1974).
Under the present status of constitutional and statutory law, the expenses incurred due to defendant's election to be represented by an attorney and to submit expert testimony at the agency appeal proceedings should be the obligation of defendant and not the taxpayers of Florida. Until the legislature speaks we are without authority to require payment for such services.
Accordingly, we answer the certified question in the negative and remand the cause for further proceedings consistent with this opinion.
GRIMES and OTT, JJ., concur.
NOTES
[1] Although it is not clear from the record, it seems that defendant was not requesting a § 4622(a) payment at this time but was seeking only the alternate § 4622(c) payment.
[2] The federal statutory scheme does not provide for an award of expenses for relief sought pursuant to 42 U.S.C. § 4622 (1971).
[3] Defendant does not attack this award.
[4] Sec. 73.091, Fla. Stat. (1975):

The petitioner shall pay all reasonable costs of the proceedings in the circuit court, including a reasonable attorney's fee to be assessed by that court.