530 So.2d 977 (1988)
REAL ESTATE APARTMENTS, LTD., Appellant,
v.
BAYSHORE GARDEN APARTMENTS, LTD., Appellee.
No. 87-2832.
District Court of Appeal of Florida, Second District.
August 10, 1988.
S. Thomas Padgett, Tampa, for appellant.
W. Patrick Ayers of Carlton, Fields, Ward, Emmanuel, Smith, Cutler & Kent, P.A., Tampa, for appellee.
*978 PARKER, Judge.
In this appeal, Real Estate Apartments, Ltd. (REA) seeks review of the trial court's order granting the motion of Bayshore Garden Apartments, Ltd. (Bayshore) to reimburse an advance of funds and Bayshore's motion for attorneys' fees. We affirm the trial court's order to reimburse the advance, but reverse on the issue of attorneys' fees.
In 1981, REA purchased apartments from Bayshore. The terms of the sale included a cash down payment and a promissory note which was secured by a wraparound mortgage (the Bayshore mortgage) subordinate to a first mortgage held by Fortune Savings Bank. REA was required to pay monthly mortgage payments to Bayshore who, in turn, was obligated to make monthly payments to Fortune Savings Bank.
REA defaulted under the terms of the Bayshore mortgage, and Bayshore filed a foreclosure action in 1986. In its complaint, Bayshore sought the appointment of a receiver to take possession of and manage the property during the foreclosure proceeding. Following a hearing, both parties agreed to the appointment of a "property manager" to perform the functions of a receiver. The trial court approved the stipulation and appointed a property manager on August 15, 1986. Paragraph 8 of the property manager order provided:
8. From the funds received by him the Manager shall disburse in accordance with the following priorities:
(a) payment of the Manager's fee in accordance with this order;
(b) payment of all operating expenses incurred after the entry of this Order by the Manager, as hereinabove set forth;
(c) reimbursement of all advances by plaintiff to the Manager with interest thereon at the interest rate set forth in the Note (all such advances being hereby declared to be secured by a first lien on the assets pledged to plaintiff under the Mortgage[)]; and
(d) application against REAL's [REA] existing obligations to plaintiff, with interest thereon.
In the event the funds received by the Manager are insufficient to cover the foregoing items then plaintiff may, but is not obligated to, advance additional funds for these purposes in exchange for certificates issued by the Manager which certificates shall be a lien upon the Property superior to all other liens and encumbrances or upon such other terms as this Court may direct.
The property manager took possession of the property and operated, managed, and maintained the property, including collecting all rents, income, issues, profits, and revenues. In September and November 1986, Bayshore advanced $10,000 and $13,000, respectively, to the property manager. On November 5, 1986, Bayshore filed a motion for summary judgment together with a supporting affidavit. The affidavit provided the amounts due under the Bayshore mortgage and included the first advance by Bayshore, but made no reference to the second advance.
After a hearing, the trial judge granted Bayshore's motion for summary judgment and entered its final judgment in foreclosure which determined the amount owed under the note and mortgage including principal, interest, the first advance, a reasonable attorneys' fee, and other costs. The $13,000 advance was not included in the calculation of the judgment debt. The judgment also set a foreclosure sale of the property for January 8, 1987.
In January 1987, REA filed a notice of appeal of the foreclosure judgment. A few days later REA instituted a Chapter 11 bankruptcy proceeding and filed a suggestion of bankruptcy in the mortgage foreclosure action. In May 1987, REA obtained relief from the bankruptcy stay, and the trial court rescheduled the foreclosure sale for June 1987. The clerk of court conducted a foreclosure sale on the property, and Acme Holding Company placed the highest bid at the sale.
REA then filed a motion seeking a determination from the trial court of the total *979 amount of money necessary to redeem the property. The trial court entered an order which provided this amount, and, on June 19, 1987, REA tendered a check to the clerk of the circuit court in the full amount for the purpose of redeeming the property. Bayshore filed a motion to authorize redemption, cancel and vacate sale, discharge lis pendens, and direct clerk to disburse funds in registry of court. The trial court entered an order which provided the requested relief.
REA voluntarily dismissed its appeal determining that the appeal was moot after it had redeemed the property. This court entered an order dismissing the appeal on July 6, 1987, and did not issue a mandate addressing appellate costs or attorneys' fees. Bayshore thereafter filed in the trial court a motion for attorneys' fees incurred by Bayshore in the appellate proceedings. Additionally, Bayshore filed a motion for an order directing the property manager to reimburse Bayshore for the second advance from surplus funds held by the property manager. Bayshore also filed a motion to approve the property manager's final report and discharge the property manager. REA filed a similar motion for entry of an order terminating receivership, discharging receiver from all obligations, and directing receiver to distribute funds to REA.
The trial court held a hearing on all four of these motions on July 21, 1987. The trial court agreed to discharge the property manager, terminate his receivership, and receive the property manager's final report and entered its order on these matters on July 27, 1987. The court, however, reserved ruling on Bayshore's motions for reimbursement and attorneys' fees. On August 6, 1987, the trial court granted Bayshore's motion for reimbursement and motion for attorneys' fees. REA seeks review of that order.
Taking the matters in reverse order, the trial court may not award appellate attorneys' fees absent a mandate from the appellate court. Howell v. Howell, 183 So.2d 261 (Fla. 2d DCA 1966). See also Scutti v. Daniel E. Adache & Assoc. Architects, P.A., 515 So.2d 1023 (Fla. 4th DCA 1987). Therefore, the trial court erred in awarding Bayshore appellate attorneys' fees.
Concerning the trial court's order directing the property manager to reimburse Bayshore for the advance, REA argues that the trial court lost jurisdiction over the case when the court entered the final judgment. We disagree. Discontinuance of a lawsuit does not discharge a receiver appointed by the court. State v. Florida Central R.R. Co., 16 Fla. 703, 707 (Fla. 1878). The funds held by a receiver are being retained under court order; therefore, the court necessarily has jurisdiction to make an order for the distribution of the funds. Id. REA also argues that the advance was part of the mortgage debt and merged into the judgment; consequently, when REA satisfied the judgment, the right for reimbursement of the advance was extinguished. If REA's contention that the advance could only be recovered as part of the mortgage debt were correct, then we would agree with REA. In this case, however, the property manager order established the advance as an independent debt. Thus, the redemption did not extinguish the debt, and the trial court correctly directed the property manager to reimburse Bayshore for the advance. We, therefore, affirm that portion of the trial court's order reimbursing Bayshore for its advance of funds and reverse the portion of the trial court's order awarding appellate attorneys' fees to Bayshore.
Affirmed in part; reversed in part.
CAMPBELL, C.J., and LEHAN, J., concur.