105 So.2d 515 (1958)
Foley HOOPER and Eric Hooper, Appellants,
v.
STATE ROAD DEPARTMENT of Florida, an Agency of the State of Florida, and Orange County, a political subdivision of the State of Florida, et al., Appellees.
No. 449.
District Court of Appeal of Florida. Second District.
October 1, 1958.
*516 McLeod, Sutton & Brown, John A. Sutton, Orlando, for appellants.
Charles T. Boyd, Jr., Jacksonville, Ross H. Stanton, Jr., Richard B. Austin, Bryan W. Henry, Tallahassee, for appellees.
KNOTT, JAMES R., Associate Judge.
This is an appeal by property owners from a verdict and judgment in a condemnation suit. There is no dispute as to the facts, the appeal being based on a stipulated statement by the parties, and the single question of law involved pertains to the interpretation of § 73.10(4) of the Florida Statutes, 1957, F.S.A.
The appellees sued to condemn certain lands, including property owned by appellants upon which they operated a business. It appeared during the trial that while the business had been at that location for over five years appellants had purchased it only about a year prior to the instigation of the condemnation proceedings. Appellants sought to introduce evidence as to the extent of damage done to their business as a result of the taking, relying on the aforementioned statute, § 73.10(4), which reads as follows:
"When the suit is by the state road department, county, municipality, board, district or other public body for the condemnation of a right-of-way, and the effect of the taking of the property involved may damage or destroy an established business of more than five years standing owned by the party whose lands are being so taken, located upon adjoining lands owned or held by such party, the jury shall consider the probable effect the denial of the use of the property so taken may have upon the said business, and assess in addition to the amount to be awarded for the taking, the probable damages to such business which the denial of the use of the property so taken may reasonably cause. Any person claiming the right to recover such special damages shall set forth in the pleadings filed by him the nature and extent of such special damages."
Appellees objected to any proof of business damage on the ground that the business had not been owned by the appellants for the five years preceding the suit, and after argument by counsel the trial judge sustained this objection.
As can be seen the predicate required by the statute in order to introduce proof of business damage is that "an established business of more than five years standing owned by the party whose lands are being so taken" be involved. A plain reading of this portion of the statute would indicate that the only requirement as to time is that the business of the property owner be in existence for five years before the property was taken. The legislature did not say "operated for five years by the party whose lands are being so taken," or "owned for five years" or any one of a dozen similar expressions which would have simply and clearly set out the requirement that the owner as well as the business being affected must have been there for the preceding five years.
While the eminent trial judge undoubtedly felt that the legislature did intend to impose this requirement, it is a cardinal rule of statutory construction that the *517 plain meaning of a statute will not be disturbed in the absence of ambiguity or conflict, and we find neither here.
The case is reversed, and a new trial granted.
ALLEN, Acting Chief Judge, and STEPHENSON, GUNTER, Associate Judge, concur.