165 So.2d 832 (1964)
STATE ROAD DEPARTMENT OF FLORIDA, an Agency of the State of Florida, and Broward County, a Political Subdivision of the State of Florida, Petitioners,
v.
ABEL INVESTMENT COMPANY, Bertram C. Ellison, and Joline M. Ellison, his wife, et al., Respondents.
No. 4752.
District Court of Appeal of Florida. Second District.
June 5, 1964.
Rehearing Denied July 9, 1964.
P.A. Pacyna, Tallahassee, for petitioners.
Morgan, Carratt & O'Connor, Fort Lauderdale, for respondents.
BARNS, PAUL D., Associate Judge.
The petitioners brought proceedings to condemn respondents', Bertram C. and Joline M. Ellison, land and filed a Declaration of Taking, together with an Estimate of Value. The respondents Ellison answered *833 and set forth that they owned and operated business upon the property sought to be taken and that such business had been established for more than five years. Subsequently, the lower court granted respondents' motion to require the petitioners to amend their Declaration of Taking so as to include and reflect the damage to respondents  Ellisons' business.
The petitioners seek a common law writ of certiorari to review the order requiring the petitioners to amend their Declaration of Taking. We grant certiorari and quash the order.
If the condemning authority is required to file an Amended Declaration of Taking covering business loss it would also, pursuant to statute, be required to file an estimate of the compensation for damages to the business loss by the Ellisons. Such action by the condemnors would tend to treat such action as an admission against interest by the condemnors. The Court, however, has held such matters are not admissible in evidence to the jury. Bennett v. Jacksonville Expressway Authority, Fla. 1961, 131 So.2d 740. As a consequence of such proceedings, the court-appointed appraisers would likewise be required to appraise the business loss resulting in the condemnors being required to pay into the registry of the court an amount covering such loss, as fixed by the court, as a condition to the condemnors' right to take possession before trial and the consequential right of the Ellisons to promptly withdraw the amount fixed by the court before trial. See Section 74.07, Florida Statutes, F.S.A.
Section 74.01, Florida Statutes, F.S.A., authorizing the condemning authority to take before trial, provides that the condemnors:
"* * * may file in the cause with the petition, or at any time before judgment, a declaration of taking, signed by the petitioner, or its duly authorized agent or attorney, declaring that said lands are thereby taken for the use of the petitioner, and there shall be attached thereto the petitioner's estimate of value, such estimate to be based upon a valid appraisal, made in good faith, on each parcel in the proceeding."
Section 73.10(4), Florida Statutes, F.S.A., provides that in a condemnation suit by the State Road Department for a right of way the owner or holder of the land appropriated may recover damages to be awarded by the jury when "the effect of the taking of the property involved may damage or destroy an established business of more than five years standing, owned by the party whose lands are being so taken, located upon adjoining lands owned or held by such party" and that "any person claiming the right to recover such special damages shall set forth in his answer the nature and extent of such damages."
The taking before trial and the determination of the funds required to be paid into the registry of the court as a prerequisite to the right to take possession, as prescribed by Chapter 74, Florida Statutes, F.S.A., relate to the direct interest and rights of the condemnee in or as related to the land, and not the consequential effect on condemnees' business located on the land. The amount of the funds required to be paid into the registry of the court are to be measured by the amount of "full compensation" exacted by Section 29, Article XVI of the Florida Constitution, F.S.A. City of Tampa v. Texas Company, Fla.App. 1958, 107 So.2d 216; State Road Department v. Forehand, Fla. 1952, 56 So.2d 901. The right of a defendant to damages for business losses as a consequence to the taking of the land are derived solely from the statute and not from the "full compensation" clause of Section 29, Article XVI of the Florida Constitution. City of Tampa v. Texas Company, supra.
The constitutional exaction is that the condemnor is required to make or secure "full compensation" for what he takes, and when he takes, which includes depreciation of that part of the land not taken *834 (City of Tampa v. Texas Company, supra); but consequential damages to the condemnees' business previously established for more than five years is not an element required to be paid or secured on the taking of the land in limine. The consequential statutory damages for loss of business is required to be paid only after it has been fixed by the jury, where the defendant has timely made and established his claim before the jury of twelve men at trial.
We find that the petitioners' relief by appeal from final judgment would not be adequate, grant certiorari, and quash the order of November 27, 1963, requiring the petitioners to amend the Declaration of Taking.
SMITH, C.J., and SHANNON, J., concur.