PER CURIAM.
This is an appeal by the State Road Department of Florida in eminent domain proceedings in which the jury returned awards aggregating approximately $240,000.00 for twenty-six distinct parcels of land. Although the appellant sent up the entire transcript of the nine day trial, this appeal concerns only four of the parcels condemned.[1]
Several points have been presented, but it is necessary to discuss only one, viz., whether or not the court erred in permitting the jury to consider damages occasioned by business interruption. We find error and reverse inasmuch as the respondents laid no predicate under the controlling statute [2] for recovery of alleged losses due to interruption of business.
The issue may be pointed up in clearer perspective through the following chart:
[[Image here]]
In this context losses incurred in businesses are specifically limited by statute to established businesses of more than five years standing. Fla.Stat. § 73.10(4) F.S.A. Hooper v. State Road Department, Fla.App.1958, 105 So.2d 515; City of Tampa v. Texas Company, Fla.App.1958, 107 So.2d 216. In State Road Department v. Abel Investment Company, Fla.App. 1964, 165 So.2d 832, this court said:
“* * * The right of a defendant to damages for business losses as a consequence to the taking of land are derived solely from the statute and not from the ‘full compensation’ clause of section 29, Article XVI of the Florida Constitution.” (Emphasis added.)
Since business interruption damages claimed with respect to parcels 9, 21, 22 and 43 were not predicated on the statute, the cause must be reversed for a new trial or other proceedings consistent herewith.
Respondents’ motion for attorney fees on appeal is denied. See State Road *773 Department v. Mutillo, Fla.App.1963, 155 So.2d 179.
Reversed and remanded.
WHITE, Acting C. J., KANNER, (Ret.), J., and REVELS, P. B., Associate Judge, concur.

. Parcels 9, 21, 22 and 43.

. Fla.Stat. § 73.10(4), F.S.A.