203 So.2d 330 (1967)
G.F. GLESSNER and Ila Marie Glessner, His Wife, Appellants,
v.
DUVAL COUNTY, a Political Subdivision of the State of Florida, and the State Road Department of Florida, an Agency of the State of Florida, Appellees.
No. I-12.
District Court of Appeal of Florida. First District.
October 17, 1967.
*331 William C. Guthrie, Jr., David W. Foerster, Jacksonville, for appellants.
C. Ray Green, Jr., Jacksonville, for appellees.
CARROLL, DONALD K., Judge.
Two of the defendants in an eminent domain proceeding have appealed from an adverse final judgment entered by the Circuit Court for Duval County.
The sole question presented for our determination in this appeal is, in the words of the appellant, whether a defendant-owner may "recover severance damages to his fee ownership where the condemning authority takes a portion of a perpetual easement held by said owner over lands of another, thereby cutting off said owner's right of access to said fee ownership." A more precise question thus presented is whether the said defendant-owner may assert a claim in the eminent domain proceedings for damages to his business operated on lands adjacent to his said perpetual easement for access which was taken in these proceedings.
The appellants were made defendants in the proceedings by reason of a perpetual easement fifteen feet in width, specifically granted to the appellants for ingress and egress, a portion of which easement was taken by the appellees for the purpose of widening North Main Street (U.S. Highway 17) in Duval County.
The said perpetual easement was granted to the appellants by one J.O. Himble, another defendant in the said proceedings by reason of his ownership of the underlying fee over which the said easement was imposed. The grant of this easement was made by Himble when the appellants acquired from him certain lands in fee simple and a truck body manufacturing business *332 operated thereon by Himble, which business had been in existence at that location for about 20 years.
When the appellants acquired the said truck body manufacturing business from Himble, they also acquired a strip of land fronting on Gun Club Road, a secondary road running at a right angle to U.S. Highway 17, but that strip had never been developed for ingress to the business. Furthermore, the existing pavement of Gun Club Road, being only 16.5 feet wide, did not permit semi-trailer trucks to maneuver from the road to the said strip and thereby gain access to the business. The appellants contend, therefore, that because of the appellees' taking, the business and the land on which the business was situate and owned by them were damaged as a result of the destruction of their only semi-trailer access thereto.
The appellants filed an answer to the appellees' petition for condemnation, seeking severance damages to the land on which the said business was situate by reason of the destruction of the said easement. An order of taking was entered by the court, pursuant to Chapter 74, Florida Statutes, F.S.A., granting to the appellees title to a portion of the land over which the said easement was imposed. After the order of taking was entered, the appellees commenced construction of the widened highway, the result of which was the destruction of the appellants' easement and access. The appellants then filed a motion for an injunction to enjoin the appellees from cutting off access to the appellants' lands and business operated thereon. This motion was denied by the court.
In view of such denial, as well as a pre-trial order of the court ruling that the appellants were not entitled to severance damages to their fee ownership because of the destruction of their perpetual right of ingress and egress thereto, the appellants filed a motion in the cause asking leave to file an amended answer adding allegations that the appellants suffered business damages by reason of the taking of part of the said easement. The court denied this motion.
At the trial testimony was limited by the court to the part taken, and the appellants were not permitted to introduce evidence of severance damages, which were calculated on the basis of what it would cost the appellants to provide semi-trailer access to their business from Gun Club Road. The record shows that the appellants made a proffer of such evidence, but the court sustained the appellees' objection to such proffered evidence.
Section 12 of the Declaration of Rights in the Florida Constitution, F.S.A. provides that "private property [may not] be taken without just compensation. * * *"
That an easement constitutes property within the protection of the above constitutional provision has long been established in Florida. The following statement from 12 Fla.Jur., Eminent Domain, Sec. 77, correctly reflects the decisional law on this point:
"When there is an easement over or upon a parcel of land taken for the public use, the easement is considered to be property in the constitutional sense. For example, if a parcel of land taken by eminent domain is subject to a right of way in favor of an adjoining lot, and the public use to which the servient parcel is put destroys the enjoyment of the way, the owner of the easement is deprived of his property and is entitled to compensation."
An application of the just-quoted rule may be found in City of Jacksonville v. Shaffer, 107 Fla. 367, 144 So. 888 (1932), in which the city sought to acquire through eminent domain a nonexclusive easement in the streets and alleys of a subdivision for laying water mains. The owner and developer of the subdivision had reserved the exclusive right to construct and maintain waterworks and other public utilities, which served other properties, along and *333 under the streets. The Supreme Court of Florida held as follows:
"We hold, as did the Supreme Court of Mississippi, in the case of City of Greenwood v. Gwin, 153 Miss. 517, 121 So. 160, supra, that the reserved right of the defendants below to construct and maintain waterworks and other public utilities along and under the streets, alleys, and avenues of North Brookside subdivision, being exclusive in its nature, is a property right of such defendants, and that consequential damages resulting from the taking away of its exclusive character must be included in any allowance to defendants of compensation for the appropriation that was sought to be made.
"The constitutional right to compensation for property taken by eminent domain under section 29 of article 16 of the Constitution of the State of Florida is the full and perfect equivalent of the right taken. Monongahela Navigation Co. v. United States, 148 U.S. 312, 13 S.Ct. 622, 37 L.Ed. 463.
"Where the fee to streets is reserved by a dedicator who records a plat for a subdivision, with the intention to dedicate an easement in the streets to the public and to purchasers of lots according to the piat, coupled with a reservation in himself of the exclusive right to lay public utility works in the streets for the life of the dedicator, the just compensation required to be paid by a municipality seeking to appropriate for its own use a nonexclusive easement in the same streets for its own utility works is the fair cash market value of the actual easement sought to be appropriated and used, with the addition of such damages as will result to reserved right of the dedicator, by reason of the destruction of the exclusiveness of the right reserved by him."
Upon the authority of our Supreme Court's decision in this Shaffer case, the appellants here would seem entitled not only to compensation for the taking of their easement but also to compensation for consequential damages resulting from the taking away of the exclusive character of their easement.
We then turn to the particular damages sought to be recovered by the appellants in these eminent domain proceedings.
As noted above, the appellants in their answer to the petition for condemnation claimed severance damages to their land on which they operated their truck body manufacturing business because of the destruction of their perpetual easement. This answer has not been attacked by the appellees at any time by motion or otherwise.
Nevertheless, a pre-trial conference was held on the question whether or not evidence would be admitted at the trial as to severance damage to the appellants' lands, which are contiguous to the lands of the defendants Himble and his wife, over which the appellants have the said easement for ingress and egress. The court then entered a pre-trial order declaring that it appeared to the court that the appellants have ingress and egress to Gun Club Road over lands owned by them in fee simple; and that the sole issue to be tried before the jury, as to the parcel of land over which the easement ran, was the value of the said land and the damage, if any, to the remaining lands owned in fee simple by the defendants Himble, over which the appellants have an easement for ingress and egress. In so ruling, the court in effect held that evidence would not be admitted in the trial as to severance damages to the appellants' lands contiguous to the lands of the defendants Himble.
At the trial the court adhered to its said ruling, and testimony was limited to the value of the part taken. The appellants were not permitted to introduce evidence of severance damages, which was calculated on the basis of what it would cost the appellants to provide semi-trailer access to their business from Gun Club *334 Road. The court sustained an objection to such evidence proffered by the appellants. The jury verdict, of course, was based upon the evidence allowed to go before the jury under the court's said restrictive ruling mentioned above.
The appellants' claim for severance damages seems well founded upon the provision of Sec. 73.10, subdivision (2), Florida Statutes 1967, F.S.A., that the amount of compensation to be awarded to a defendant landowner at the trial "shall be the value of the property sought to be appropriated including the damages, if any, accruing to the untaken portion where less than the entire property is sought to be appropriated determined as of the date of the trial of the issue of just compensation or as of the date at which title to the estate sought to be appropriated shall vest in the petitioner if such occur prior to the date of such trial."
In many decisions the appellate courts of Florida have recognized the entitlement of a landowner to severance damages accruing to the untaken portion of his property when less than his entire property is sought to be appropriated in the eminent domain proceedings, in order to assure to the landowner his right to the "just compensation" guaranteed by the Florida Constitution (Sec. 12, Declaration of Rights). For instance, the Supreme Court of Florida held in Daniels v. State Road Department, 170 So.2d 846 (1964) held:
"The more general limitation contained in Section 12 of the Declaration of Rights  that private property shall not be taken `without just compensation'  is almost universally held to require that compensation be made for the taking, and that such compensation should include not only the value of the land actually appropriated by the condemnor but also the so-called severance damages, if any, caused by the taking when only part of a tract is condemned. See 18 Am.Jur., Eminent Domain, Sec. 265, p. 905. This was early established as the legislative policy of this state (Ch. 3712, Acts of 1887) and judicially approved by this court. See Orange Belt Railway Co. v. Craver (1893) 32 Fla. 28, 13 So. 444. The more general provision of Section 12 applies to all condemnors alike  whether public or private bodies  so that severance damage may be claimed, as `just compensation', regardless of whether the taking is by the state or by a private corporation or individual."
Upon the authority of the above-quoted statutory provision and the Supreme Court's decision in the Daniels case, supra, we think that the trial court erred.
In view of the trial court's ruling that the appellants were not entitled to present evidence of severance damages, the appellants, as mentioned above, filed a motion seeking permission to amend their answer for the purpose of claiming business damages to the truck body manufacturing business which they operated on their land adjacent to the said perpetual easement, pursuant to Chapter 73, Florida Statutes. This motion was denied by the trial court. The appellants' said claim for business damages is based upon Sec. 73.071(3) (b), Florida Statutes, which provides that the jury "shall determine solely the amount of compensation to be paid, which compensation shall include:"
"* * * (b) Where less than the entire property is sought to be appropriated, any damages to the remainder caused by the taking, including when the action is by the state road department, county, municipality, board, district or other public body for the condemnation of a right of way, and the effect of the taking of the property involved may damage or destroy an established business of more than five years' standing, owned by the party whose lands are being so taken, located upon adjoining lands owned or held by such party, the probable damages to such business which the denial of the use of the property so taken may reasonably *335 cause; any person claiming the right to recover such special damages shall set forth in his written defenses the nature and extent of such damages. * * *"
While the Legislature's policy as declared in such statutory provisions is not necessarily binding upon the courts, such a declaration is persuasive and will be upheld unless clearly contrary to the judicial view as to what constitutes "just compensation." This principle was recognized by the Supreme Court of Florida in Daniels v. State Road Department, supra, the court saying:
"Our conclusion in this respect is, then, that the Legislature may declare its policy with respect to the compensation that should be made in taking private property for public use; and that these declarations while not conclusive or binding, are persuasive and will be upheld unless clearly contrary to the judicial view of the matter.
"It might be noted that the State, speaking through it Legislature, may of course impose upon itself, and upon those to whom it delegates the right of eminent domain, an obligation to pay more than what the courts might consider a `just compensation.'"
Sec. 73.071(3) (b), Florida Statutes, F.S.A., is, we think, clearly applicable in the present case. The appellants' truck body manufacturing business, owned and operated by them on their land adjoining their said easement, was an established business of more than five years' standing (in fact, 20 years).
We conclude from the foregoing, therefore, that the appellants in these eminent domain proceedings were entitled to claim, prove, and recover for business damages, under Sec. 73.071(3) (b), as well as for severance damages under Sec. 73.10 (2). These two types of damages are distinguishable legally in some respects. See, for instance, State Road Department v. Abel Investment Co., 165 So.2d 832 (Fla.App. 1964), cert. den. Ellison v. State Road Dept., 169 So.2d 485. The question occurs to us, however, as to the legal consequences if the two kinds of damages are identical, so that the landowner would be enabled to obtain, in effect, double compensation for the same item of damage. While this question has not been directly raised in this appeal, we are inclined to think that such a result was not intended by the Legislature in enacting the two mentioned statutes and that such a result, upon principles of justice and fair play, should not be allowed.
Accordingly, the final judgment appealed from herein should be, and it is, reversed and the cause is remanded with directions for further proceedings consistent with the views hereinabove expressed.
Reversed and remanded with directions.
WIGGINTON, C.J., and SACK, J., concur.