## BEDSOLE, et ux v. ST. REGIS PAPER CO.
No. 72-C-135.

Circuit Court, Santa Rosa County.

May 18, 1972.

John V. Thompson, Pensacola, and Hamilton, Butler, Riddick & Latour, Mobile, Ala., for the plaintiffs.

Thomas A. Clark, Tampa, for the defendant.

WOODROW M. MELVIN, Circuit Judge.

*Final judgment on motion to dismiss:* This cause is before the court upon a complaint in which the property owners seek to have their property forever cleared of vested rights of easements and rights of entry held by the defendant as an incident to defendant's vested ownership of oil and mineral rights in and under plaintiffs' property. Plaintiffs' right, if any, to recovery rests upon the validity of §704.05, Florida Statutes. Defendant's motion to dismiss presents squarely the controlling point. Is §704.05 a law within the power of the legislature to enact?

The challenged act provides —

**704.05.** *Easements and rights of entry —*

(1) The rights of entry or of an easement given or reserved in any conveyance or devise of realty when given or reserved for the purpose of mining, drilling, exploring, or developing, shall be limited to a twenty year period beginning with the recording of such conveyance or devise if such rights are not exercised during this twenty year period.

(2) After the twenty year period has expired the owner of such property may file a suit in the circuit court of the county in which the property is located and upon such procedure as used in quieting title the court shall, upon proof of the nonexercise of such rights and the expiration of the twenty year limitation, enter a decree forever clearing and confirming the removal of said rights from the title to the said real estate.

Within the past twenty years there have been many real estate transactions wherein the seller would reserve unto himself some undivided interest in and to the oil, gas and minerals in and under the lands being sold. Likewise, there have been some instances where the owners have simply sold some interest in the oil, gas and minerals remaining under their lands. Whether the interest in the oil, gas and minerals exists by reason of having been reserved in a deed of conveyance, or whether the same exists by reason of a deed simply conveying some interest in oil, gas and minerals under a parcel of land, such title to the oil, gas and minerals, so owned, is a property right. A reasonable right of entry for exploration purposes, properly incident to the exercise of such right is likewise a property right.

It is noted at the outset that the section denies equal protection of the law to the owners of such easements and entry rights. If the owner of such easement and entry rights elects to *record* his instrument, then the statute would purport to operate to expunge such rights, but the statute would not by its terms apply to the owner of a valid *unrecorded* instrument of like content.

The right of entry or perpetual easement is a property right. See Glessner v. Duval County, 203 So.2d 330, text 332 and 333.

It is unusual when a legislative act violates multiple constitutional rights. However, this section collides with §10, article 1, Constitution of the United States, where it is written that no state shall pass any *ex post facto law*, or law impairing the *obligation of contracts;* and §1, Fourteenth Amendment, United States Constitution, wherein it is written that no state shall *deprive any person of his property* without due process of law; nor deny any person the *equal protection of the law.* Likewise, the provisions of §704.05 violate the provisions of §§9 and 10, article 1, Declaration of Rights, Florida Constitution.

If the legislature, in obedience to popular demand, were empowered to forfeit vested property rights by legislative act, as was sought to be accomplished by §704.05, that same power would permit it to take away any other property right owned by a citizen, such as the right to own farm land, grazing lands or a place of business, or the right to live in the county or city of his choice.

All these property and personal rights are clothed with a constitutional shield protecting them from destruction by such governmental sanction.

The legislative act is void for the reasons stated.

Therefore, it is ordered, adjudged and decreed that §704.05, Florida Statutes, violates the provisions of §10, article 1, and §1, Fourteenth Amendment, Constitution of the United States, and also violates sections 9 and 10, article 1, Declaration of Rights, Florida Constitution, and said legislative act is therefore void. The complaint is dismissed with prejudice.