QUESTION: Does a municipality have authority under s. 166.231(4), F.S., as enacted by Ch. 73-129, Laws of Florida, the Municipal Home Rule Powers Act, to levy and collect utility tax from all other local units of government and nonprofit organizations with the exception of churches?
SUMMARY: Section 166.231(4), F.S., as enacted by Ch. 73-129, Laws of Florida, requires a municipality to exempt churches from utility taxes but only permits, rather than requires, a municipality to exempt "public bodies." There is no authority for exemptions to nonprofit corporations. It is my opinion that your question should be answered in the affirmative. Section166.231(4), F.S., provides: 166.231 Public service tax. — (4) A municipality may exempt from taxation hereunder, the purchase of the taxable items by the United States government, the State of Florida, or any other public body as defined in s. 1.01, and shall exempt [purchases by] any recognized church in this state for use exclusively for church purposes. (Emphasis supplied.) Section1.01(9), F.S., defines "public body" as ". . . includ[ing] counties, cities, towns, villages, special tax school districts, special road and bridge districts, bridge districts and all other districts of this state." Statutory interpretation requires that the "plain meaning of a statute will not be disturbed in the absence of ambiguity or conflict." Hooper v. State Road Department, 105 So.2d 515 (2 D.C.A. Fla., 1958). The legislative intent that the municipalities should have the authority to exempt (or tax) "public bodies" is evidenced by the use of "may." "Words of common usage, when used in a statute, should be construed in their plain and ordinary sense." Pedersen v. Green, 105 So.2d 1
(Fla. 1958). May has a normal meaning of permission. McDonald v. Roland, 65 So.2d 12 (Fla. 1953). Mandatory dictates are usually designated by "shall" or "must," as in the statute in question: ". . . shall exempt any recognized church," supra. Nonprofit corporations, as defined in Ch. 196, F.S., are not mentioned in s. 166.231(4), F.S. The principle, expressio unius est exclusio alterius, the inclusion of one is the exclusion of others, proscribes such an exemption by the municipality. Dobbs v. Sea Isle Hotel, 56 So.2d 341 (Fla. 1952). It should be noted that the exemption for nonprofit corporations pertains to ad valorem property tax. Furthermore, it should be noted that nonprofit corporations and public bodies are not included under the phrase exempting churches because of the principle of statutory construction discussed above, expressio unius est exclusio alterius.