DANAHY, Judge.
The appellee (the Expressway Authority) condemned a portion of a parcel of property in Tampa owned by the appellant (Morris Alignment Service). Morris Alignment Service operated a business on the remaining land adjacent to that taken. Morris Alignment Service had been in business continually in Hillsborough County since 1946, but had been located on the adjacent land only three years and eight months prior to the taking. The trial judge held as a matter of law that Morris Alignment Service was not entitled to business damages under section 73.071(3)(b), Florida Statutes (1981). The statute provides that:
*300 (3) The jury shall determine solely the amount of compensation to be paid, which compensation shall include:

(b) Where less than the entire property is sought to be appropriated, any damages to the remainder caused by the taking, including, when the action is ... for the condemnation of a right of way, and the effect of the taking of the property involved may damage or destroy an established business of more than five years’ standing, owned' by the party whose lands are being so taken, located upon adjoining lands owned or held by such party, the probable damages to such business which the denial of the use of the property so taken may reasonably cause.
The trial judge interpreted the statute as requiring that a business be located on the adjacent land for at least five years. We disagree, and reverse.
The issue here has not been addressed previously by a Florida court. The Expressway Authority has called our attention to two casdfe which contain language supportive of the trial judge’s interpretation of the statute, one from this court and one from the third district court of appeal. In Hooper v. State Road Department, 105 So.2d 515 (Fla. 2d DCA 1958), we held that a condemnee was entitled to business damages under section 73.071(3)(b) because it operated a business which had been located on the adjacent property for over five years, although the condemnee had purchased it only a year prior to instigation of the condemnation, proceedings in that case. Some language in our opinion could be interpreted as indicating that the affected business must have been on the adjacent land for at least five years. In Division of Administration v. Ely, 351 So.2d 66 (Fla. 3d DCA 1977), our sister court stated in dicta that the claimant in that case was not entitled to business damages because its business had not been operated on the adjoining land for more than five years “as further required by the statute.” The court commented that the fact that the claimant as a company had been incorporated and doing business elsewhere throughout the state since the early 1950’s did not satisfy the five-year requirement under the statute. We choose not to follow the reasoning of the Ely case in this respect, and recede from Hooper to the extent that the language of that case indicates a contrary result.
Basic rules of sentence construction support Morris Alignment Service’s position in this case. To qualify for damages under the statute, there must be “an established business of more than five years’ standing, owned by the party whose lands are being so taken, located upon adjoining lands owned or held by such party.” If the word “and” is substituted for each comma in the quoted language, the qualifications would be expressed as “an established business of more than five years’ standing and owned by the party whose lands are being so taken and located upon adjoining lands owned or held by such party.” In our view, a claimant meeting each of these three tests qualifies for business damages under the statute.
In this case, Morris Alignment Service meets each of the three requirements. It is an established business of more than five years’ standing. It is owned by the party whose lands are being taken. It is located upon adjoining lands owned or held by that party. If the legislature had intended the requirement that the business be located on the adjacent land for five years, it could have used plain language to so provide. As we read the statute, however, the three requirements do not modify each other; each stands alone and if each is met, the claimant is entitled to business damages under the statute.
REVERSED AND REMANDED for further proceedings consistent with this opinion.
HOBSON, A. C. J., and OTT, J., concur.