444 So.2d 926 (1983)
TAMPA-HILLSBOROUGH COUNTY EXPRESSWAY AUTHORITY, Petitioner,
v.
K.E. MORRIS ALIGNMENT SERVICE, INC., Respondent.
No. 62281.
Supreme Court of Florida.
November 10, 1983.
Rehearing Denied February 22, 1984.
*927 William C. McLean, Jr., Tampa, for petitioner.
Paul B. Johnson of Johnson, Paniello & Hayes, Tampa, for respondent.
BOYD, Justice.
This case is before us on the petition of the Tampa-Hillsborough County Expressway Authority for review of a decision of the District Court of Appeal for the Second Appellate District of Florida. The decision of which review is sought is reported as K.E. Morris Alignment Service, Inc. v. Tampa-Hillsborough County Expressway Authority, 414 So.2d 299 (Fla. 2d DCA 1982). The decision is in conflict with Division of Administration, Department of Transportation v. Ely, 351 So.2d 66 (Fla. 3d DCA 1977). We therefore have jurisdiction to provide the requested review. Art. V, § 3(b)(3), Fla. Const.
The Tampa-Hillsborough County Expressway Authority instituted eminent domain proceedings against numerous parcels of land in Hillsborough County, including a small tract owned by K.E. Morris Alignment Service, Inc. The Authority sought to take only a part of respondent's land, however, and respondent operated a business on remaining land adjoining the property taken.
In the course of the proceedings for determination of compensation, respondent made a claim for business damages under section 73.071(3)(b), Florida Statutes (1979). Although respondent had been in business at the location adjacent to the land being taken for only three years and two months,[*] its business had been in continuous operation for more than thirty years. The trial court held that since the business had been in operation at the location for which business damages were claimed for *928 less than five years, no business damages were recoverable under section 73.071(3)(b). The landowner appealed.
The district court reversed and held that section 73.071(3)(b) does not require, as a prerequisite to an award of business damages, that the business have been in operation at the location for which business damages are claimed for more than five years.
Section 73.071(3)(b) provides in pertinent part as follows:
(3) The jury shall determine solely the amount of compensation to be paid, which compensation shall include:
.....
(b) Where less than the entire property is sought to be appropriated, any damages to the remainder caused by the taking, including, when the action is by the Division of Road Operations of the Department of Transportation, county, municipality, board, district or other public body for the condemnation of a right-of-way, and the effect of the taking of the property involved may damage or destroy an established business of more than 5 years' standing, owned by the party whose lands are being so taken, located upon adjoining lands owned or held by such party, the probable damages to such business which the denial of the use of the property so taken may reasonably cause.
The district court looked at the three criteria for business damages and found that they were independent requirements: the business must be established for more than five years, the business must be owned by the party whose lands are being taken, and the business must be located upon adjoining land owned or held by such party. Thus the district court found that there was no requirement in the statute that the business for which damages are sought have been operated for more than five years at the location adjoining the land being taken. We believe contrarily that the words "located upon adjoining lands" and the words "established business of more than 5 years' standing" are intended to be read together and to qualify each other. We therefore hold that the district court erred in its construction of the statute. The statute indicates that the legislative intent is to allow business damages only to concerns having a physical existence for more than five years at the location where the partial taking is alleged to have caused business damages. Examined in the light of sound principles of statutory construction, the statute sustains the ruling of the circuit judge and demonstrates the error of the district court's holding.
The power of eminent domain is an inherent feature of the sovereign authority of the state. Daniels v. State Road Department, 170 So.2d 846 (Fla. 1964). The constitution limits this power by requiring that full compensation be paid to the owner for the property taken. Art. X, § 6(a), Fla. Const. The payment of compensation for intangible losses and incidental or consequential damages, however, is not required by the constitution, but is granted or withheld simply as a matter of legislative grace. Jamesson v. Downtown Development Authority, 322 So.2d 510 (Fla. 1975). Business damages such as those sustained in the instant case fall in the category where compensation is not constitutionally required but depends on legislative authorization. City of Tampa v. Texas Co., 107 So.2d 216 (Fla. 2d DCA 1958), cert. dismissed, 109 So.2d 169 (Fla. 1959).
The allowance of business damages in eminent domain proceedings, being a matter of legislative grace, is analogous to other forms of legislative largess, such as grants of franchise rights. The allowance of business damages can also be compared to a waiver of sovereign immunity. Legislative grants of property or franchise rights must, when construction is necessary, be strictly construed in favor of the state and against the grantee. Tampa & Jacksonville Railway v. Catts, 79 Fla. 235, 85 So. 364 (1920). A waiver of sovereign immunity, similarly, should be strictly construed in favor of the state and against the claimant. Arnold v. Shumpert, 217 So.2d 116 (Fla. 1968); Spangler v. Florida State *929 Turnpike Authority, 106 So.2d 421 (Fla. 1958). So, any ambiguity in section 73.071(3)(b) should be construed against the claim of business damages, and such damages should be awarded only when such an award appears clearly consistent with legislative intent.
Of course, the district court took the view that the plain language of the statute seemed to authorize an award, so that no resolution of ambiguity was necessary. But the district court gave the statute an interpretation it had never before received, and one that is at odds with the traditional understanding of the purpose and effect of the statutory business damages criteria. See, e.g., State Road Department v. Bramlett, 189 So.2d 481 (Fla. 1966); State Road Department v. Lewis, 170 So.2d 817 (Fla. 1964); Glessner v. Duval County, 203 So.2d 330 (Fla. 1st DCA 1967); Intercoastal Drydock, Inc. v. State Road Department, 203 So.2d 19 (Fla. 3d DCA 1967), cert. denied, 210 So.2d 223 (Fla. 1968); State Road Department v. Abel Investment Co., 165 So.2d 832 (Fla. 2d DCA), cert. denied, 169 So.2d 485 (Fla. 1964); State Road Department v. Peter, 165 So.2d 771 (Fla. 2d DCA 1964). It is true that none of the above-cited cases dealt with the precise issue that has arisen now. But in reasoning that "[i]f the legislature had intended the requirement that the business be located on the adjacent land for five years, it could have used plain language to so provide," 414 So.2d at 300, the district court construed the statute as though there existed a presumption in favor of the claimant.
Statutes should be construed in light of the manifest purpose to be achieved by the legislation. Van Pelt v. Hilliard, 75 Fla. 792, 78 So. 693 (1918); Curry v. Lehman, 55 Fla. 847, 47 So. 18 (1908). The purpose of section 73.071(3)(b) is to mitigate the hardship that may result when the state exercises the power of eminent domain paying only the constitutionally required full compensation for the property actually taken. The legislature in doing so has recognized that a business location may be an asset of considerable value and susceptible of being substantially damaged by a partial taking. To assure the existence of a substantial business interest in the location as a prerequisite to an award of business damages, the legislature included the requirement of five years of operation at the location. The requirement of "more than 5 years' standing," seen in the light of the legislative purpose, obviously refers to the length of time the business has operated at the location where business damages are claimed to have been incurred due to condemnation of adjoining land. The length of time that the operator of the business has been in business at previous or other locations and the duration of its existence as a business entity are obviously irrelevant to the inquiry mandated by the statute.
When a statute is susceptible of and in need of interpretation or construction, it is axiomatic that courts should endeavor to avoid giving it an interpretation that will lead to an absurd result. State ex rel. Florida Industrial Commission v. Willis, 124 So.2d 48 (Fla. 1st DCA 1960), cert. denied, 133 So.2d 323 (Fla. 1961). If we were to adopt the district court's view of section 73.071(3)(b), there could be absurd and unfair results in hypothetical situations that readily come to mind. Under the district court's approach, two property owners operating businesses, both equally damaged by a partial taking of their respective properties, and both having been in operation at the affected location for less than five years, would be treated differently insofar as their eligibility to claim business damages is concerned if one of them had been in existence as a business entity for more than five years and the other had not. Thus the different treatment of the two landowners on the question of eligibility to claim business damages would be based on a factor having nothing whatsoever to do with the duration of their operations at the respective locations and therefore the degree of hardship imposed upon them by the partial taking of their respective premises. This would be an irrational *930 distinction upon which to justify such differential treatment. "An interpretation of the language of a statute that leads to absurd consequences should not be adopted when, considered as a whole, the statute is fairly subject to another construction that will aid in accomplishing the manifest intent and the purposes designed." City of Miami v. Romfh, 66 Fla. 280, 285, 63 So. 440, 442 (1913). Since the construction given the statute by the circuit judge comports with the obvious purpose of the statute, it should have been sustained by the appellate court.
Decisions of the appellate courts of Florida clearly indicate that the essential inquiry under the business damages statute is that of continuous operation of the business at the location where business damages are alleged to have been suffered. In Hooper v. State Road Department, 105 So.2d 515 (Fla. 2d DCA 1958), the trial court refused to allow a claim for business damages because the landowners had been operating the business for only about one year. The district court of appeal reversed because the owners had acquired the business as a going concern and it had been in continuous operation at the location for more than five years. Conversely, in Hodges v. Division of Administration, Department of Transportation, 323 So.2d 275 (Fla. 2d DCA 1975), the district court affirmed the trial court's refusal of a business damages claim because, although a business similar to the landowner's had some time previously been operated on the premises, the landowner had not acquired a business there but only a "business place" in which he opened a new business. 323 So.2d at 277. There was no continuous operation and the landowner's business had been in existence for less than five years. The same kind of situation produced a consistent holding in Division of Administration, Department of Transportation v. Lake of the Woods, Inc., 404 So.2d 186 (Fla. 4th DCA 1981).
The district court of appeal in the instant case acknowledged that its decision was in conflict with Division of Administration, Department of Transportation v. Ely, 351 So.2d 66 (Fla. 3d DCA 1977). There a propane gas dealer claimed that the partial taking of a mobile home park with which it had a service agreement and where it had access easements for its facilities had taken its property and caused it business damages. The district court held that the service easement was not a kind of property the loss of which had to be compensated and rejected the claim of business damages for two reasons:
Business damages under Section 73.071(3)(b), Florida Statutes (1975) are equally inapplicable in the instant case. Southeastern Propane Gas Co. did not own or have any property interest in the condemned land as required by the statute in order to qualify for business damages. Moreover, its business had not been operating on the adjoining land for more than five years as further required by the statute. The fact that Southeastern Propane Gas Co. as a company has been incorporated and doing business elsewhere throughout the state since the early 1950's does not satisfy this five year requirement under the statute.
351 So.2d at 69. The second reason given, of course, pertains to the issue in the instant case upon which our conflict jurisdiction is predicated. Under our holding today, the Ely decision was correct.
The decision of the district court of appeal is quashed and the case is remanded with instructions that the ruling of the trial court be affirmed.
It is so ordered.
ALDERMAN, C.J., and OVERTON, McDONALD, EHRLICH and SHAW, JJ., concur.
ADKINS, J., dissents.
NOTES
[*] Pursuant to chapter 74, Florida Statutes (1979), the court entered an order of taking on September 7, 1979, prior to the proceedings for determination of just compensation.