The Honorable Margaret M. Gentle Mayor City of North Port 311 North Port Boulevard City of North Port, Florida 33596
Dear Mayor Gentle:
This is in response to your request for an opinion on substantially the following questions:
 1. IN THE EVENT OF A CONFLICT, DOES THE LIFE SAFETY CODE AS ADOPTED BY THE STATE FIRE MARSHAL TAKE PRECEDENCE OVER THE STANDARD BUILDING CODE?
 2. ARE MUNICIPALITIES REQUIRED BY LAW TO ADOPT THE LIFE SAFETY CODE?
As your questions are related, they shall be addressed together.
Section 633.01, F.S., designates the head of the Department of Insurance as State Fire Marshal who shall enforce all laws and provisions of Ch. 633, F.S., relating to fire prevention and control. Section 633.05, F.S., provides in pertinent part that "[t]he State Fire Marshal shall make and promulgate all rules and regulations necessary to effectuate the enforcement of his powers and duties, including, but not limited to, the making and promulgation of rules and regulations for the: (1) Prevention of fires." Cf., s. 633.517(1), F.S. See, s. 633.05(8), F.S., as amended by s. 2, Ch. 86-87, Laws of Florida, which becomes effective October 1, 1986, authorizing the State Fire Marshal to establish, revise and republish uniform firesafety standards for state-owned and state-leased buildings, all hospitals, nursing homes, adult congregate living facilities, correctional facilities, public schools, public lodging establishments, public food-service establishments, elevators, migrant labor camps, mobile home parks, recreational vehicle parks, residential and nonresidential child care facilities, and self-service gasoline stations. See also, s. 633.051(1), F.S., which declares that the regulations authorized in s. 633.05, supra, "shall be such as are reasonably necessary for the protection of the health, welfare and safety of the public. . . ." And see, AGO 68-91. Pursuant to s.633.15, F.S.: "This law, and all regulations prescribed by the State Fire Marshal hereunder, shall have the same force and effect in each and every incorporated town or city, as the ordinances of such respective municipalities, and shall be enforceable in the county courts in the same manner as such ordinances." The violation of any provision of Ch. 633, F.S., or any order, rule or regulation of the State Fire Marshal is a misdemeanor of the second degree. See, s. 633.171(1), F.S. The Life Safety Code is a compilation of standards pertaining to safety from fire and similar emergencies in buildings and structures. See, ss. 1-2.1 and 1-3.1, Life Safety Code, 1981 edition. The code, hereafter NFPA No. 101, is published by the National Fire Protection Association, Inc., and, with certain exceptions not germane to the instant inquiry, is a part of the fire safety standards of general application required for this state. See, Rule 4A-28.15(1), F.A.C. (1985 Supp.), which further provides that in all instances in which applicable statutes require or authorize rules or regulations by the State Fire Marshal for the establishment of uniform fire safety standards, NFPA No. 101 comprises a portion of such uniform fire safety standards required for this state.
The Florida Statutes do not mandate the adoption of the Life Safety Code by municipalities. Rather, pursuant to ss. 633.05 and 633.051, F.S., supra, the State Fire Marshal has adopted, with certain exceptions, the Life Safety Code as a part of the fire safety standards for this state. See, Rule 4A-28.15, F.A.C. (1985 Supp.), supra. And see, AGO's 84-83 wherein this office concluded, inter alia, that Ch. 633, F.S., does not prohibit a municipality from enacting and enforcing more stringent fire prevention or fire safety codes or other regulatory legislation enacted under the police power applicable to all persons and structures within their jurisdictions, including child day care centers or other child care facilities. Therefore, pursuant to s. 633.15, supra, the Life Safety Code is the minimum fire code for the City of North Port and has the force and effect of an ordinance of that city, regardless of whether the city has formally adopted such a code.
Part VI, Ch. 553, F.S., constitutes the Florida Building Codes Act. Section 553.70, F.S. Section 553.73(1)(a), F.S., mandates that "[b]y October 1, 1984, local governments and state agencies with building construction regulation responsibilities shall adopt a building code which shall cover all types of construction. . . ." Section 553.73(2), F.S., creates the State Minimum Building Codes which consist of five nationally recognized model codes, one of which is the Standard Building Code. See, s. 553.73(2)(a), listing the "Standard Building Codes, 1982 edition, with 1984 accumulated amendments, pertaining to building, plumbing, mechanical, and gas, and excluding fire prevention." (e.s.) Section 553.73(2) provides in pertinent part:
 Each local government and state agency with building construction regulation responsibilities shall adopt one of the State Minimum Building Codes as its building code, which shall govern the construction, erection, alteration, repair, or demolition of any building for which the local government or state agency has building construction regulation responsibility.
Pursuant to s. 553.73(5), F.S., it is the responsibility of each municipality and county in the state and of each state agency with statutory authority to regulate building construction to enforce the specific model code of the State Minimum Building Codes adopted by that municipality, county, or agency, in accordance with s. 553.80, F.S. The specific model code of the State Minimum Building Codes adopted by a municipality shall regulate every type of building or structure in the code enforcement jurisdiction, with certain enumerated exemptions not germane to this discussion. Section 553.73(6), F.S. It is the purpose and intent of Part VI, Ch. 553, F.S., "to provide a mechanism for the promulgation, adoption, and enforcement of state minimum building codes which contain standards flexible enough to cover all phases of construction and which will allow reasonable protection for public safety, health, and general welfare for all the people of Florida. . . ." Section 553.72, F.S. See, s. 553.79(4), F.S., granting authority to local governments to require more stringent standards than those specified in the State Minimum Building Codes, provided the provisions of s. 553.73(3), F.S., are met. And see, s. 553.79(3), F.S., providing that the State Minimum Building Codes, after the effective date of their adoption shall supersede all other building construction codes or ordinances in the state, unless such building codes or ordinances are more stringent than the State Minimum Building Codes and the conditions of s.553.73(3), are met. See also, AGO 79-21; cf., AGO 84-83, supra.
From the above examination of Ch. 633, F.S., and Part VI of Ch.553, F.S., specifically ss. 633.05, 633.051 and 553.72, F.S., supra, it appears that it was the Legislature's intent to establish fire prevention and control regulations in Ch. 633 and building code regulations in Part VI, Ch. 553. The purpose of Part VI, Ch. 553, is to ensure safe and adequate construction of buildings and structures while Ch. 633 governs fire safety pertaining to such buildings and structures. See, Tampa-Hillsborough County Expressway Authority v. K.E. Morris Alignment Service, Inc., 444 So.2d 926 (Fla. 1983) (statutes should be construed in light of manifest purpose to be achieved). Each statute is directed toward its own field of operation. Further, each code itself explicitly establishes its own field of operation. See, s. 1-2.1, Life Safety Code, 1981 edition, which provides that its purpose "is to establish minimum requirements that will provide a reasonable degree of safety from fire in buildings and structures." Pursuant to s. 1-3.2, the Life Safety Code "addresses those construction, protection, and occupancy features necessary to minimize danger to life from fire, smoke, fumes, or panic." The Life Safety Code does not, however, address "general fire prevention or building construction features that are normally a function of fire prevention and building codes." Section 1-3.6, Life Safety Code, 1981 edition. The scope of the Standard Building Code is set out in s. 101.3(a). Its provisions "shall apply to the construction, alteration, repair, equipment, use and occupancy, location, maintenance, removal and demolition, of every building or structure or any appurtenances connected or attached to such buildings or structures." See also, s. 101.3(b), Standard Building Code, 1982 edition. Moreover, s. 553.73(2), F.S., in listing the five nationally recognized codes, one of which is to be adopted by a local government, refers to the Standard Building Code, 1982 edition with 1984 accumulated amendments, pertaining to building, plumbing, mechanical, and gas, and excluding fire prevention, thus specifically excluding those provisions of the code relating to fire prevention from adoption. See, s. 553.73(2)(a), F.S., supra.
Accordingly, it is clear that the two codes under consideration, operate in two fields, i.e., building safety and fire safety. However, as this office has previously stated, see, e.g., AGO's 84-83 and 79-21, supra, nothing in Chs. 533 nor 633, F.S. prohibit a municipality in the exercise of its police powers from enacting and enforcing more stringent standards than those specified in such state codes, provided certain conditions are met, see, e.g., s. 533.73(3), F.S. The Life Safety Code explicitly defers to more stringent building code requirements. Section 1-4.7, Life Safety Code, 1981 edition directs that "[n]othing in this Code shall be construed to prohibit a better type of building construction, more exits, or otherwise safer conditions than the minimum requirements specified in this Code." Pursuant to s. 1-5.1, Life Safety Code, 1981 edition:
 Nothing in this Code is intended to prevent the use of systems, methods, or devices of equivalent or superior quality, strength, fire resistance, effectiveness, durability, and safety to those prescribed by this Code, providing technical documentation is submitted to the authority having jurisdiction to demonstrate equivalency and the system, method, or device is approved for the intended purpose. (e.s.)
Cf., s. 103.6, Standard Building Code, 1982 edition, which states in part:
 The provisions of this code are not intended to prevent the use of any material, or method of construction not specifically prescribed by this code, provided any such alternate has been approved and its use authorized by the Building Official. The Building Official shall approve any such alternate, provided he finds that the proposed design is satisfactory and complies with the provisions of Chapter XII [Minimum Design Loads], and that the material, method, or work offered is, for the purpose intended, at least the equivalent of that prescribed in the code in . . . fire-resistance . . . and safety. (e.s.)
Accordingly, I am of the opinion that as the Life Safety Code and the Standard Building Code operate in two fields, they should normally not present an issue of conflict. However, to the extent a municipality may have enacted, pursuant to its police power, more stringent standards pertaining to fire protection and building construction which conflict, the more stringent standard should prevail.
In sum, I am therefore of the opinion, until and unless judicially or legislatively determined otherwise, that a municipality is not required to adopt the Life Safety Code; however, to the extent that such code has been adopted by the State Fire Marshal pursuant to his rulemaking authority, such code has the force and effect of an ordinance of such a municipality. Moreover, it is my opinion that the Life Safety Code and the Standard Building Code operate in two fields, i.e., fire safety and building safety; however, to the extent that a municipality may have enacted under its police power a more stringent provision than that provided in either codes the more stringent provision should apply.
Sincerely,
Jim Smith Attorney General
Prepared by:
John Rosner Assistant Attorney General