Mr. Daniel J. Bosanko Assistant County Attorney St. Johns County Board of County Commissioners Post Office Box 1533 St. Augustine, Florida 32085-1533
Dear Mr. Bosanko:
On behalf of the Board of County Commissioners of St. Johns County, you ask substantially the following question:
Does the Bert J. Harris, Jr., Private Property Rights Protection Act, Chapter 95-181, Laws of Florida, provide a means for the recovery of damages to property other than the property that is the subject of governmental action or regulation, but that may have suffered a diminution in value or other loss as a result of its proximity to the property that is subject to the regulation?
In sum:
The Bert J. Harris, Jr., Private Property Rights Protection Act, Chapter 95-181, Laws of Florida, does not provide for recovery of damages to property that is not the subject of governmental action or regulation, but which may have incidentally suffered a diminution in value or other loss as a result of the regulation of the subject property.
The 1995 Legislature enacted the "Bert J. Harris, Jr., Private Property Rights Protection Act" (the act)[1]. The act provides in part that when a specific action of a governmental entity has inordinately burdened an existing use of real property or a vested right to a specific use of real property, the property owner of that real property is entitled to relief which may include compensation for the actual loss to the fair market value of the property caused by the action of government, as provided in the statute.[2] As the statute is newly enacted,[3] there have been no court decisions considering its parameters. In subsection 1(1) of the act, however, the Legislature stated:
[I]t is the intent of the Legislature that, as a separate and distinct cause of action from the law of takings, the Legislature herein provides for relief, or payment of compensation, when a new law, rule, regulation, or ordinance of the state or a political entity in the state, as applied, unfairly affects real property.
Thus, the Legislature has created a new cause of action that may be maintained by a property owner when a specific action by a governmental entity has inordinately burdened an existing use of real property or a vested right to a specific use of such property. The terms "inordinate burden" or "inordinately burdened" are defined by the act to mean that
an action of one or more governmental entities has directly restricted or limited the use of real property such that the property owner is permanently unable to attain the reasonable, investment-backed expectation for the existing use of the real property or a vested right to a specific use of the real property with respect to the real property as a whole, or that the property owner is left with existing or vested uses that are unreasonable such that the property owner bears permanently a disproportionate share of a burden imposed for the good of the public, which in fairness should be borne by the public at large. The terms "inordinate burden" or "inordinately burdened" do not include temporary impacts to real property; impacts to real property occasioned by governmental abatement, prohibition, prevention, or remediation of a public nuisance at common law or a noxious use of private property; or impacts to real property caused by an action of a governmental entity taken to grant relief to a property owner under this section.[4] (e.s.)
The plain language of the statute indicates that only real property that is directly affected by a governmental regulation is covered by the provisions of the act.[5] The act should be interpreted, therefore, in a manner that fulfills the legislative intent expressed in the statute, such that only real property that is directly affected by a governmental regulation or action is eligible for compensation pursuant to the act.[6]
Moreover, as an act of the Legislature that creates an obligation against the state in favor of a grantee, any construction of its terms must be strictly construed in favor of the state and against the grantee.[7] The creation of a right to seek damages from the state for a loss incurred due to the state's action or regulation is analogous to a waiver of sovereign immunity and thus, like a waiver of sovereign immunity, any ambiguity in the provisions of the act should be construed against an award of damages and such damages should be awarded only when an award appears consistent with the Legislature's intent.[8]
The stated purpose of the act is to protect private property owners from laws, regulations and ordinances that inordinately burden private property rights by giving them a cause of action for damages caused by such burden. Further, the act sets forth a procedure for determining compensation by calculating the difference in the fair market value of the real property at the time of the governmental action without the restrictions on existing or vested uses (without the inordinate burden) and the fair market value of the property as it existed at the time of the governmental action (with the inordinate burden).
Considering that these provisions are tied to a specific parcel of real property, it does not appear that the Legislature contemplated extending the compensation provisions of the act to real property that may be incidentally affected by a governmental action or regulation directed at a separate, specific parcel of real property.
Accordingly, it is my opinion that the Bert J. Harris, Jr., Private Property Rights Protection Act, Chapter 95-181, Laws of Florida, operates to provide a cause of action only for owners of real property that is directly affected by a governmental regulation and does not provide for recovery of damages to property that is not the subject of governmental action or regulation, but which may have incidentally suffered a diminution in value or other loss as a result of the regulation of the subject property.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgk
[1] Tentatively assigned by the Division of Statutory Revision to ss. 70.001, 70.51, 70.80, 163.3181, and 163.3184, Fla. Stat.
[2] See, s. 1(2), Ch. 95-181, Laws of Florida.
[3] See, s. 6, Ch. 95-181, Laws of Florida.
[4] See, s. 1(3)(e), Ch. 95-181, Laws of Florida.
[5] See also, s. 1(11), Ch. 95-181, Laws of Florida, stating that "[a] cause of action may not be commenced under this section if the claim is presented more than 1 year after a law or regulation is first applied by the governmental entity to the property at issue." (e.s.)
[6] See, Section C, House of Representatives Committee on Judiciary Final Bill Analysis Economic Impact Statement, CS/HB 863 [Ch. 95-181, Laws of Florida], May 23, 1995, stating that the cause of action is created for property owners whose current use or vested right in a specific use of real property is inordinately burdened by the actions of a governmental entity and providing that such property is "inordinately burdened" when a governmental action has directly restricted or limited the use of the property.
[7] See, Tampa-Hillsborough County Expressway Authority v. K.E. Morris Alignment Service, Inc., 444 So.2d 926, 928 (Fla. 1983) (legislative grants of property or franchise rights must be strictly construed in favor of the state and against the grantee).
[8] Arnold v. Shumpert, 217 So.2d 116 (Fla. 1968).